**TRUCK TREADS, INC., Jerry Shults Kelly Tire Service, Inc., and Fulco Tire Distributors, Inc., Plaintiffs,**

**Ted R. Cackowski, Appellant,**

v.

**ARMSTRONG RUBBER COMPANY, Strafco, Inc., and Straus–Frank Armstrong, Defendants–Appellees.**

No. 88–1549.

United States Court of Appeals, Fifth Circuit.

April 6, 1989.
Rehearing Denied May 5, 1989.

James D. Doyle, III, Ted R. Cackowski, Austin, Tex., for plaintiffs.

Robert K. Wise, Worsham, Forsythe, Sampels & Wooldridge, Dallas, Tex., for Armstrong Rubber Co.

Mark J. Cannan, Lang, Cross, Ladon, Boldrick & Green, San Antonio, Tex., for Strafco, Inc.

Before REAVLEY, WILLIAMS, and JONES, Circuit Judges.

EDITH H. JONES, Circuit Judge:

We must determine whether the district court abused its discretion in awarding over $24,000 in attorney's fees as a sanction under Fed.R.Civ.P. 11 and 28 U.S.C. § 1927 for attorney Cackowski's continued misconduct of this litigation. We affirm the district court's findings that Cackowski violated Rule 11 and 28 U.S.C. § 1927. Be-cause we cannot, however, endorse the full amount of fees awarded by the district court, we modify the amount of the award.

This action originated on February 26, 1985 when three retail tire distributors sued Armstrong Rubber Co. and two of its wholesale tire outlets (collectively, "Armstrong"), alleging illegal restraint of trade under the Sherman Act, unlawful price discrimination under the Robinson–Patman Act, and several other causes of action. The district court dismissed this case for discovery abuse, and we affirmed that judgment. *Truck Treads, Inc. v. Armstrong Rubber Co.*, 818 F.2d 427 (5th Cir. 1987). After we affirmed the dismissal, Armstrong began to press Cackowski to dismiss a pending state law case, which was based on mirror-image allegations. Armstrong took the position that the district court's judgment was res judicata of the state law claims. Cackowski disagreed at every turn. He did not, however, take any action to pursue the state court litigation as far as the record demonstrates. Armstrong wrote him on at least two occasions warning that if he did not dismiss the state court litigation, Armstrong would move for summary judgment in state court or for an injunction in federal court.

Armstrong made good its warning by filing an injunction motion in federal court, seeking to compel Cackowski and his clients to dismiss the state court action and to prevent him from continuing to litigate matters that had been foreclosed as a matter of res judicata by dismissal of the federal suit. Cackowski opposed the injunction. He alleged that the federal district court had ruled his Robinson–Patman Act claim frivolous, and so the court would not have acquired subject matter jurisdiction over the case or over his state law claims. Cackowski's second major argument was that the district court's dismissal disposed only of his federal law claims, and the pendent state law claims were no longer within the court's jurisdiction. In its opinion, the district court disagreed with Cackowski's characterization of its prior rulings and their legal effect. Specifically, the district court believed that Cackowski had

misrepresented both the facts and law of the case.

On appeal, Cackowski also asserts that even if his pleading responsive to the defendants' injunction motion was defective in certain particulars, he nevertheless achieved some positive results for his clients. Further, Cackowski argues that the district court narrowed the scope of the injunction to include only those acts that constituted violations already complete when the original suit was filed, thus leaving Cackowski's clients free to pursue a "continuing violation" by Armstrong. This would indeed be a victory if (a) the Armstrong defendants had sought to enjoin the plaintiffs from filing an action on subsequently arising violations of law, and (b) the district court had responded to Cackowski's opposition. It appears, however, that Armstrong only sought an injunction to prevent relitigation of those matters barred by res judicata which, by its very definition, only encompasses causes of action that had arisen or been asserted up until the district court dismissed the case originally.

Next, Cackowski contends that the district court refused to compel his clients to dismiss their state court suit, as opposed to the "narrower" relief of forbidding its fur-

ther prosecution. This is a distinction without a difference.

Last, Cackowski argues that the district court refused to extend its injunction specifically to cover officers, agents, and employees of plaintiffs. Armstrong, however, asserts that Cackowski never objected to this potential feature of the injunction, and therefore he cannot take credit for the result.

■ The long and short of this analysis is that Cackowski had no justification for filing a pleading in opposition to the requested injunction that misstated the facts and legal holdings of the district court. This is a clear violation of Rule 11.[1] Moreover, Cackowski's course of conduct from the time that the Fifth Circuit affirmed the dismissal of the case until the district court entered its injunction "unreasonably and vexatiously" multiplied the proceedings.[2] Such conduct clearly violates 28 U.S.C. § 1927. Because we see no redeeming merit in Cackowski's dilatory course of action, we affirm the district court's findings that Cackowski violated Rule 11 and Section 1927.

■ We cannot, however, endorse the full award of damages by the district court. The court declined to award charges related to Armstrong's unsuccessful motion for

---

1. Rule 11 of Fed.R.Civ.P. states:
   The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.
   Rule 11 imposes three separate affirmative duties on the signer of a paper filed with the court. The signing attorney certifies:

   (1) that [he] has conducted a reasonable inquiry into the facts which support the document;
   (2) that [he] has conducted a reasonable inquiry into the law such that the document embodies existing legal principles or a good faith argument "for the extension, modification, or reversal of existing law;" and
   (3) that the motion is not interposed for purposes of delay, harassment, or increasing costs of litigation.
   *Thomas v. Capital Security Services, Inc.,* 836 F.2d 866, 874 (5th Cir.1988) (en banc). A violation of any of.these duties constitutes a violation of Rule 11.

2. 28 U.S.C. § 1927 reads:
   Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

contempt, but it awarded appellees their entire attorneys' fees for filing the injunction motion and the sanctions motion against Cackowski. If we take the affidavits of appellees' attorneys and delete those charges attributed to the unsuccessful Motion for Contempt and delete also the attorneys' fees and expenses which predate the filing of the Response to the injunction motion that violated Rule 11, the following attorneys' fees remain:

|  | Attorney's fees for Robert Wise | Attorney's fees for Mark Cannan | Expenses |
|---|---|---|---|
| State Court action | $ -0- | $ -0- | $ -0- |
| injunction motion | $ 3,173.40 | $ 650.00 | $ 275.90 |
| sanctions motion | $ 7,458.16 | $ 762.50 | $ 310.66 |

Appellants' Letter Brief of January 7, 1989.

The district court erred in charging Cackowski for the legal costs incurred by Armstrong for the filing of the injunction action. At the time that appellees filed this pleading, so far as the record reveals, Cackowski had taken no action adverse to their interest in the state courts. To be sure, he had not disavowed the intent to prosecute that action, and he apparently stubbornly refused to concede the validity of the authorities on res judicata that defense counsel submitted to him. Thus, appellees' request for an injunction was not predicated on actual pursuit of the state court action by Cackowski so much as their fear that he would at some point begin to move it along. It was not appropriate for the court to sanction Cackowski for the cost of filing their preemptive pleading.[3] After they moved for an injunction, however, and Cackowski responded in a disingenuous fashion, sanctions in the amount of appellees' attorney's fees were warranted. Appellees were also properly awarded their legal costs incident to the sanctions motion itself. The total compensable fee is $12,630.62, according to appellees' affidavit.[4] We therefore modify the district court's judgment to reflect this amount.

Accordingly, we AFFIRM the district court's award of sanctions as MODIFIED.

---

[3.] We are not foreclosing the possibility that a party might be sanctioned in the amount of fees incurred by his opponent in filing a motion necessary to discipline his harassing or dilatory conduct during litigation.

[4.] Cackowski did not challenge in the district court the reasonableness or amount of attorney's fees, but only their legal availability.