**Cecilia BROWNING, Plaintiff,**

v.

**Stephen J. KRAMER, M.D., Intervenor–Appellant.**

**and**

**Lauren KRAMER, Appellant,**

v.

**TRAVELERS INSURANCE COMPANY, Defendant–Appellee.**

No. 89–2720.

United States Court of Appeals, Fifth Circuit.

May 20, 1991.

**341**

Mike O'Brien, Houston, Tex., for appellant.

Kimberly R. Colonnetta, Douglas E. Hamel, Vinson & Elkins, Houston, Tex., for defendant-appellee.

Before CLARK, Chief Judge, WILLIAMS and DAVIS, Circuit Judges.

CLARK, Chief Judge:

This is our second review of the award of attorneys' fees and costs made against Dr. Stephen Kramer and his attorney/wife, Lauren Kramer. The original appeal was remanded so that the district court could identify the statutory basis of its award and make findings of fact in support of its decision. On this appeal, we reverse the award made under 28 U.S.C. § 1927

against Dr. Kramer. We vacate and remand the award made against Ms. Kramer with directions to (1) identify the specific claims made and conduct by Ms. Kramer during the prosecution of this action which multiplied the proceedings in this case unreasonably and vexatiously; (2) calculate the excess costs, expenses and attorneys' fees reasonably incurred because of such conduct; and (3) enter judgment against Ms. Kramer for such amount in accordance with this opinion.

## I

The order of the original panel dated February 28, 1990, set out the facts underlying this dispute. Attorney Lauren Kramer instituted this action in state court on behalf of Cecilia Browning, as next friend for her daughter Catherine Elaine, seeking payment of medical benefits and punitive damages from The Travelers' Insurance Company (The Travelers), the claims administrator for Modulaire Industries' employee welfare benefit plan. Shortly thereafter Ms. Kramer filed a Petition in Intervention as attorney for her husband, Dr. Stephen Kramer, the psychiatrist who treated Catherine Elaine, seeking payment of the same medical benefits and punitive damages. Spring Shadows Glen Hospital (Spring Shadows), the facility where Catherine Elaine was hospitalized, also intervened. Spring Shadows, Browning and Dr. Kramer all claimed benefits in excess of those authorized by the plan, based upon an alleged misrepresentation to Spring Shadows' clerk and Dr. Kramer that the plan had unlimited coverage for mental and nervous disorders.

The Travelers removed the action to federal court. Browning and Dr. Kramer moved to remand, asserting that the district court did not have original federal question jurisdiction. The district court ruled that The Travelers properly removed the case because it presented claims governed by ERISA, and that the state law claims were preempted. Ms. Kramer continued to contest that the claims were preempted by ERISA. Discovery and other pretrial procedures were also extremely contentious, eventually leading to an order by the district court cutting off discovery.

The case was tried to the district court without a jury. At the close of trial, the district court made certain findings of fact orally from the bench in open court with respect to the merits of the case, finding that Dr. Kramer's testimony was unbelievable, and that the plaintiff's and intervenors' case was meritless. The merits of that district court action have not been appealed.

The district judge also dictated findings which referred to counsel's conduct during trial and her prosecution of this litigation. He described Ms. Kramer's behavior during trial this way:

Ms. Kramer, this is a court of law. This is not a group therapy session, this is not a support group, this is not a let's make sure we get some money because we need it. You persisted in leading every witness you examined. Mr. Hamel's forbearance was extraordinary. You persisted in addressing the court while seated, you persisted in testifying yourself from documents not in evidence, you made speeches in response to rulings. Sometimes those might have been the occasion to request a bill of exceptions to include the excluded material in the record. But a lawyer asks to make a bill, a lawyer does not make a speech.

Some of your parties wandered in and out as the proceedings progressed. I didn't call any of them down, I didn't attack you. I did once ask you to please stand. I had the clerk remind you at, I believe, at three or four recesses to do that. All of which was absolutely futile. Your exhibits were confused in every sense of the word confused. And you had a file and you purported to have, it was two, I believe, which was Dr. Kramer's office file. Which I sat here and watched you add and subtract documents to in the process of the litigation. If that was a piece of evidence and the content of that file was a document to be presented it should have been unchanged. And, of course, when I finally got around to looking at it, so that it

didn't get all jumbled, there were things in there that you had put in there that had been recently produced were all manner of things in there that had nothing to do with contemporaneous business records of Dr. Kramer's office further eroding the miniscule credibility they had in the first place.

The pre-trial order was incomplete, the witness lists were incomplete, you didn't bother to stand on recess, you insisted on addressing counsel directly, you made snide post-answer remarks during the testimony of Ms. Lawton [witness for The Travelers]. This is not a bus station, it [is] not a cocktail party, we are going to conduct these proceeding in a professional, learned, civil manner. That kind of behavior has attributed to the length of this litigation, to the cost of this litigation. The irony is that unfortunately I don't think there is any way I can tax the costs of the defendant's defense to the parties plaintiff. I am willing to have some post-trial briefing on that.

\*　　\*　　\*　　\*　　\*　　\*

But what we have had is these people running up the cost of the benefit plan for a bunch of people, like Ms. Lawton, who show up, do their job capably and move on and are not entitled to be subjected to condescending, snide remarks by counsel who if [she] had done a tenth of the job that M[s]. Lawton did this litigation would have been over at least a year and a half ago if not begun in the first place.

A judgment will be entered that plaintiff and intervenor take nothing from The Travelers and the Modulaire plan.

And if Mr. Hamel [attorney for The Travelers] can bring me briefing on some legal justification for taxing the attorney's fees to the intervenors, I will do it.

The cost of court will be borne by the intervenors. And I think, in fairness, two-thirds to Dr. Kramer and one-third to Spring Shadows Glen. And while Ms. Browning is not blameless in this whole thing, she and Dr. Kramer can share their two-thirds.

Counsel for The Travelers thereafter moved for attorneys' fees and costs incurred in defending this action. It submitted three statutory grounds in support: (1) ERISA, § 502(g)(1), codified at 29 U.S.C. § 1132(g)(1); (2) 28 U.S.C. § 1927; and (3) Rule 11 of the Federal Rules of Civil Procedure.

The district court assessed the total attorneys' fees and costs incurred in all of The Travelers' defense. Its order made no findings of fact, nor did it indicate which statutory basis it chose for the award. Attorneys' fees were assessed against Ms. Kramer and her husband/client jointly and severally in the amount of $34,575.33 plus $2,091.07 in costs. The district court also assessed attorneys' fees against Spring Shadows in the amount of $17,287.67 plus $1,045.53 in costs, which was not appealed. Prior to their first appeal, the Kramers requested specific findings of fact and conclusions of law regarding this fee award. The district court denied their request.

The Kramers appealed from the district court's assessment of The Travelers' costs and attorneys' fees against them. They claimed that the district court did not sufficiently set forth the reasons and facts upon which the award was based, and that the district court abused its discretion in awarding fees. This court determined the record contained insufficient findings to permit review of the propriety of the award of attorneys' fees. We remanded to the district court for additional findings. Our February 28, 1990, mandate referred to Federal Rules of Civil Procedure 52(9) and stated in pertinent part:

> [W]e must have more detailed findings than we do in this case in order to review the decision to assess attorney's fees.

\*　　\*　　\*　　\*　　\*　　\*

Despite the district court's earlier uncertainty, neither the order awarding attorney's fees and costs nor the final judgment make any reference to the legal basis for the fee award. We are unsure whether the assessment of fees was pursuant to ERISA § 502(g)(1), or 28 U.S.C. § 1927, or whether the assessment of

fees against Ms. Kramer was a sanction pursuant to FED.R.CIV.P. 11.

\*       \*       \*       \*       \*       \*

If the award was pursuant to 28 U.S.C. § 1927, we require more detailed findings to determine whether the requirements of the statute have been met, and which, if any, excess costs, expenses, or attorney's fees were incurred because of Ms. Kramer's vexatious multiplication of the proceedings.

\*       \*       \*       \*       \*       \*

As we cannot tell from the order or final judgment under which statute or Rule the fees were assessed, we remand for more specific findings so that we might adequately review the district court's decision.

The district judge's response to our remand is helpful in that it specifies 28 U.S.C. § 1927 as the basis for the imposition of fees. However, the district court refused to read our order for what it was—a request for help in understanding enough of his factual and legal reasoning to enable a just, orderly review of the rights of the parties before us. Rather, the district court rebuked us for referring to Rule 52(a) and the purposes underlying that Rule's requirements for findings of fact. We were didactically informed that Rule 52(a) expressly made findings of fact unnecessary on any motion. We were admonished not to confuse a ruling on a motion for attorneys' fees with the bench trial on the merits.

The district court's order on remand concluded thus:

This court, one of the busiest in the country, will not summarize the record. The record clearly shows a pattern of abuse of the system by the Kramers.

To accommodate the mandate:

The award of attorney's fees was granted under 28 U.S.C. § 1927, which is, of course, a conclusion. This court specially finds all that is necessary to comply with § 1927: Mrs. Kramer and Dr. Kramer unreasonably and vexatiously multiplied the proceedings.

## II

■   28 U.S.C. § 1927 states in full:

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

We review awards under this statute for abuse of discretion. *In re Hunt*, 754 F.2d 1290, 1294 (5th Cir.1985).

■   We have characterized awards under § 1927 as penal in nature. *Monk v. Roadway Express, Inc.*, 599 F.2d 1378, 1382 (5th Cir.1979), *aff'd in relevant part sub nom. Roadway Express, Inc. v. Piper*, 447 U.S. 752, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980). Strict construction of this statute is necessary so that the legitimate zeal of an attorney in representing her client is not dampened. *Id.*; *see also* H.R. CONF. REP.NO. 96–1234, 96th Cong., 2d Sess., *reprinted in* 1980 U.S.CODE CONG. & ADMIN. NEWS 2716, 2782–83.

■   By its terms, § 1927 permits awards only against attorneys or other persons admitted to conduct cases before the court. It does not permit the court to sanction a party. *Breazeale v. Smith*, 857 F.2d 258, 261 (5th Cir.1988); *Batson v. Neal Spelce Assoc., Inc.*, 765 F.2d 511, 516 n. 3 (5th Cir.1985). The imposition of fees and costs on Dr. Kramer pursuant to this statute was improper. The Travelers so conceded at oral argument.

■   Additionally, § 1927 creates liability only for *excess* costs, expenses and attorneys' fees reasonably incurred because of the attorney's unreasonable and vexatious multiplication of the proceedings. Under the "American rule," each party must bear its own expenses during litigation. Attorneys' fees are not ordinarily recoverable by the prevailing litigant in the absence of statutory authorization. *Aleyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141 (1975). By its terms

this statute does not authorize the wholesale reimbursement of a party for all of its attorneys' fees or for the total costs of the litigation. *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 756 n. 3, 100 S.Ct. 2455, 2459 n. 3, 65 L.Ed.2d 488 (1980); *Truck Treads, Inc. v. Armstrong Rubber Co.,* 868 F.2d 1472, 1474–75 (5th Cir.1989); *United States v. Blodgett,* 709 F.2d 608, 610–11 (9th Cir.1983). Under § 1927, only those fees and costs associated with "the persistent prosecution of a meritless claim" may be awarded. *Thomas v. Capital Sec. Serv., Inc.,* 836 F.2d 866, 875 (5th Cir.1988) (en banc). Except when the entire course of proceedings were unwarranted and should neither have been commenced nor persisted in, an award under § 1927 may not shift the entire financial burden of an action's defense. *See Lewis v. Brown & Root, Inc.,* 711 F.2d 1287, 1292 (5th Cir. 1983), *clarified on reconsideration,* 722 F.2d 209 (5th Cir.1984).

Early in the litigation of this case, the district court ruled any state law claims were preempted by ERISA. Ms. Kramer continued to reassert such claims. The surviving ERISA action, however, proceeded through over two years of discovery, and the district court denied The Travelers' motion for summary judgment prior to trial. At the close of the plaintiff's case, and again at the close of its case, The Travelers moved to dismiss due to insufficiency of the evidence. The district court stated it would "carry the motions," and in fact never ruled upon them. Instead, the district court resolved the merits of this action at the close of evidence based upon credibility assessment of the witnesses. Through all of this, The Travelers incurred attorneys' fees of $51,863.00 and costs of $3,136.60, which all parties concede to be a reasonable and necessary expense for counsel's actions in the defense of this entire action. Spring Shadows has already been held liable for one-third of these amounts.

It has not been shown with "convincing clarity" that *every* facet of this litigation was patently meritless. *National Ass'n of Gov't Employees v. National Fed'n of Fed. Employees,* 844 F.2d 216, 223 (5th Cir.1988). Indeed, the case proceeded through discovery, past summary judgment, and past motions to dismiss. Where judgment has been entered only at the conclusion of trial, we have noted that "[o]ne might well wonder how a case could be so frivolous as to warrant sanctions if it has sufficient merit to get to trial." *Id.* (citation omitted).

■ We do not hold or imply that *no* award is permissible here. We have in the past upheld awards based in part on "the irresponsible *manner* in which the litigation was conducted [which] further multiplied these needless proceedings." *Lewis,* 711 F.2d at 1292 (emphasis original). It appears from the record that Ms. Kramer may have engaged in abusive discovery tactics. She continually reasserted state law claims after the district court conclusively ruled them to be preempted by ERISA. She further caused or contributed to an unreasonable lengthening of the proceedings at trial by her conduct. But as we have already stated, an award pursuant to 28 U.S.C. § 1927 "require[s] more detailed findings to determine whether the requirements of the statute have been met, and which, if any, excess costs, expenses, or attorney's fees were incurred because of Ms. Kramer's vexatious multiplication of the proceedings." (Opinion of February 28, 1990).

Due process requires that the district court make the findings which initially fix liability. As a court for review of errors, we are not to decide facts or make legal conclusions in the first instance. Our task is to review the actions of a trial court for claimed errors. Respected authority has questioned whether the final sentence of Rule 52(a), which generally provides that findings on motions are unnecessary, deserves literal interpretation. *See* C. WRIGHT & A. MILLER, *Federal Practice and Procedure: Civil* § 2575 at 694–95 (1971), and Judge Adams' dissent in *Interpace Corp. v. City of Philadelphia,* 438 F.2d 401, 404–07 (3rd Cir.1971), *citing* 5 J. MOORE, *Federal Practice* ¶ 52.08 (2d Ed. 1970). In any event, and in the spirit of providing a complete, just and orderly review of the parties' rights, our mandate

requiring such findings cannot be ignored by a district court on remand.

Furthermore, as the Supreme Court has stated, "[l]ike other sanctions, attorney's fees certainly should not be assessed lightly or without fair notice and an opportunity for a hearing on the record." *Roadway Express, Inc. v. Piper, supra,* 447 U.S. at 767, 100 S.Ct. at 2465 (footnote omitted). More is involved than being the loser in a judicial contest. Before an award is made under § 1927, the attorney to be sanctioned must be allowed to respond not only as to the finding that her actions taken on behalf of her client have become unreasonable and vexatious, but also as to the amount of her opponent's fees and costs which are attributable to any action that multiplied the proceedings.

Section 1927 is aimed at specific conduct and claims. It authorizes awards only for actual fees and costs which proscribed conduct has caused. For example, after the district court requested a statutory basis to shift attorneys' fees at the close of trial, counsel for The Travelers reasserted its "Response in Opposition to Browning's Motion for Rehearing and Request for Attorney's Fee for Plaintiff's Vexatious Conduct." Although the district court never ruled on this motion, this pleading does conform to the provisions of § 1927. It identifies the allegedly vexatious claim, specifically defines the argument that it asserts is meritless, and states the exact attorneys' fee required to compensate for the multiplicitous argument. An attached affidavit identifies each attorney who worked on the matter, their exact time spent thereon, and the billable rate.

On remand the district court is directed to identify the specific conduct of Ms. Kramer which unreasonably and vexatiously multiplied the proceedings. The district court must then determine the excess fees and costs incurred by the opponents in meeting such claims. Certain fees, such as the time required to respond to Ms. Kramer's repetitious assertions of state law claims and time lost because of her improper discovery conduct, can be gleaned only from the testimony and records of the attorneys involved. The district court is directed to permit any part of the controversy to be resolved by stipulation of the attorneys and proof to be offered by their testimony (or by affidavit if the court so directs). The time and expense incurred in work reasonably done to meet any and all meritless claims and actions should be detailed for the trial court. *See Atwood v. Union Carbide Corp.,* 847 F.2d 278, 281–82, *on rehearing,* 850 F.2d 1093, 1094 (5th Cir.1988), *cert. denied,* 489 U.S. 1079, 109 S.Ct. 1531, 103 L.Ed.2d 836 (1989). Other fees and costs covered by § 1927 which are attributable solely to courtroom behavior covered by the statute and known to the district court may also be determined on the basis outlined above, or on the court's own determination based on the record developed before it.

## III

The decision of the district court is

REVERSED, in part, and VACATED and REMANDED, in part.