**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

Nos. 95-20417
95-20754

_____

STERLING WHITE,

Plaintiff-Appellant,

versus

THE GOODYEAR TIRE AND RUBBER COMPANY,

Defendant-Appellee.

Appeal from the United States District Court
For the Southern District of Texas
(CA-H-94-3508)

August 26, 1996

Before KING, DAVIS, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Sterling White appeals the district court's orders granting The Goodyear Tire and Rubber Company's motion for summary judgment and motion for costs and attorneys' fees. We affirm in part, vacate and remand in part, and reverse and remand in part.

I

Sterling White was employed as a baler-helper at Goodyear's

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Chemical Plant in Houston, Texas. The baler-helper position required White to work in a non-air conditioned building with extremely hot rubber, fumes, and chemicals. In October of 1991, White experienced a sickle cell crisis, which he alleges may have been caused by his work environment.[1] White's doctors recommended that he avoid exposure to chemicals, fumes, and excessive heat. Given those medical restrictions and the essential functions of the baler-helper position, Goodyear claimed it could not make any reasonable accommodations to enable White to perform the essential functions of his job. In addition, Goodyear claimed that there were no other positions available that were appropriate for White's restrictions and abilities. Therefore, Goodyear terminated White.

White filed a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC") claiming that he had been discriminated against because of his disability, in violation of the Americans with Disabilities Act. The EEOC issued White a right to sue letter for a violation of his rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101.[2] White stated in his deposition, which is contained in the summary

---

[1] White argues that while he always had a genetic trait for sickle cell anemia, his sickle cell crisis was caused by his job environment. However, when White initially experienced his crisis, he stated separately on several benefit claim forms for his employer that his injury was not due in any way to a condition arising from his occupation.

[2] The ADA protects "qualified individuals with a disability" from employment discrimination on account of the disability. 42 U.S.C. § 12112. A "qualified individual with a disability" is "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." § 12111(8).

judgment record, that he also filed a complaint of race discrimination with the EEOC after he filed the complaint of disability discrimination. The summary judgment evidence does not indicate, however, whether the EEOC ever issued a formal charge or a right to sue letter based on White's complaint of race discrimination. Subsequently, White filed a *pro se* complaint in federal court, alleging race discrimination, in violation of 42 U.S.C. § 2000e *et seq.* ("Title VII"), and disability discrimination, in violation of the ADA.

Eight months after the federal suit was filed, White was represented in federal court by an attorney for the first time. Simultaneous with her Notice of Appearance, White's attorney requested a jury trial, which the district court denied as untimely. Subsequently, White filed a FED. R. CIV. P. 39(b) motion requesting a jury trial,[3] which the district court denied. White then filed a lawsuit in Texas state court, pursuant to TEX. LAB. CODE ANN. § 451.001, alleging that Goodyear terminated him in retaliation for his institution of a workers' compensation claim. Goodyear removed the state lawsuit to federal court, and the two actions were consolidated.

---

[3]     FED. R. CIV. P.39(b) provides:

Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues.

Goodyear filed a motion for partial summary judgment on White's Title VII and workers' compensation retaliation claims. White filed a response to Goodyear's motion for partial summary judgment. The district court held a hearing on the summary judgment motion and dismissed all of White's claims, including his ADA claim. Goodyear then filed a motion for costs and attorneys' fees, pursuant to 28 U.S.C. § 1927. The district court entered an order and a final judgment ordering that Goodyear take $3,500 on its claim for costs and attorneys' fees. White now appeals the district court's order granting summary judgment in Goodyear's favor and the order awarding Goodyear costs and attorneys' fees.[4]

II

White argues that the district court erred in *sua sponte* granting summary judgment in Goodyear's favor on his ADA claim. A district court has the power to grant summary judgment *sua sponte* as long as the nonmoving party has adequate notice that he must

---

[4] The district court initially entered an "interlocutory order" stating that on Goodyear's motion for summary judgment, White takes nothing. The court left the issue of sanctions to be decided in the future. White appealed this "interlocutory order" in No. 95-20417. At that time, this Court requested that the parties brief the issue of whether we had jurisdiction over the district court's interlocutory order. Several months later, the district court entered a final judgment in the case and ordered that Goodyear take $3,500 on its claim for costs and attorneys' fees, pursuant to 28 U.S.C. § 1927. White appealed the order for costs and attorneys' fees in No. 95-20754. The two appeals have been consolidated. Even though the district court's interlocutory order was not a final judgment at the time that White filed the initial appeal, a final judgment has since been entered in the case. Therefore, this Court now has jurisdiction over the appeal. *See Alcorn County, Miss. v. U.S. Interstate Supplies, Inc.,* 731 F.2d 1160, 1166 (5th Cir. 1984) (stating that "a premature notice of appeal properly may invoke this court's jurisdiction . . . subject to the exceptions mandated by FED. R. APP. P. 4(a)(4)").

come forward with his evidence. *Leatherman v. Tarrant County Narcotics Intell. and Coord. Unit,* 28 F.3d 1388, 1397 (5th Cir. 1994). This notice requirement is met if the nonmoving party has notice that his claim may be subject to summary dismissal at least ten days before the actual grant of summary judgment. FED. R. CIV. P. 56(c); *Leatherman,* 28 F.3d at 1397. "Any reasonable doubt about whether [the nonmovant] received notice that its entire case was at risk must be resolved in [the nonmovant's] favor." *NL Indus., Inc. v. GHR Energy Corp.,* 940 F.2d 957, 965 (5th Cir. 1991), *cert. denied,* 502 U.S. 1032, 112 S. Ct. 873, 116 L. Ed. 2d 778 (1992). A district court's error in not providing adequate notice may be considered harmless "if the nonmovant has no additional evidence or if all of the nonmovant's additional evidence is reviewed by the appellate court and none of the evidence presents a genuine issue of material fact." *Leatherman,* 28 F.3d at 1398 (internal quotation marks omitted).

Goodyear argues that White had adequate notice that his ADA claim might be considered for summary judgment because Goodyear's brief in support of its motion for partial summary judgment included facts sufficient to defeat White's ADA claim. White argues that, when he received Goodyear's motion for *partial* summary judgment, he believed that only his Title VII and workers' compensation retaliation claims would be considered for summary judgment. As evidence of this belief, White contends that after

receiving only a partial motion for summary judgment, he specifically elected not to depose the human resources manager involved in his termination who could have provided essential evidence for his ADA claim. We conclude that White did not receive adequate notice that his ADA claim might be subject to summary judgment. *See NL Indus., Inc.,* 940 F.2d at 966 (reversing summary judgment which district court granted *sua sponte* where movant only requested partial summary judgment and movant's motion did not provide nonmovant with adequate notice). Additionally, we cannot conclude that this lack of notice was harmless. Because White did not have notice that his ADA claim would be considered for summary judgment he did not conduct essential discovery, nor did he place evidence in the record to support his ADA claim. We therefore vacate the district court's order granting Goodyear summary judgment on White's ADA claim.

III

White argues that the district court erred in granting Goodyear summary judgment on his Title VII claim. We review a district court's grant of summary judgment *de novo* "to determine, viewing the evidence in the light most favorable to the nonmoving party, whether any genuine issue of material fact existed and whether the district court correctly applied the relevant law." *Anderson v. American Airlines, Inc.,* 2 F.3d 590, 593 (5th Cir. 1993). The moving party has the initial burden to "demonstrate by

-6-

competent evidence that no issue of material fact exists." *Scott v. Moore,* 85 F.3d 230, 232 (5th Cir. 1996). Once this burden is met, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e).

Before bringing a civil action under Title VII, a plaintiff must exhaust his administrative remedies by filing a charge of discrimination with the EEOC. *Sanchez v. Standard Brands,* 431 F.2d 455, 460 (5th Cir. 1970). The district court granted summary judgment for Goodyear on White's race discrimination claim because it found that White had not exhausted his administrative remedies. However, our review of the summary judgment record indicates that Goodyear did not meet its burden of establishing through competent summary judgment evidence that there is no genuine issue of material fact of the issue of exhaustion. *See Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (stating that "the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact") (internal quotation marks omitted). Goodyear submitted the EEOC's entire file pertaining to White's ADA charge, Charge Number 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. Goodyear states in its brief accompanying its motion for summary judgment that it requested and received all the EEOC files pertaining to White. However, Goodyear's counsel's unsworn assertion does not constitute competent summary judgment evidence. *See* FED. R. CIV. P. 56(e). The Certification of Documents from the EEOC states that it is a

"true and accurate" copy of the file pertaining to Charge Number 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, but it does not state that this is the only EEOC file for Sterling White.[5] In sum, Goodyear's summary judgment evidence does not establish that White never filed a charge of race discrimination with the EEOC.

Additionally, we note that in his response to Goodyear's motion for summary judgment, White submitted his deposition testimony in which he stated that he filed a complaint of race discrimination with the EEOC after he filed the ADA charge.[6] It is unclear from the record whether an official EEOC charge or right to sue letter ever resulted from White's race complaint. Nevertheless, we reverse the order granting summary judgment on White's Title VII claim because Goodyear has not met its burden of establishing through competent summary judgment evidence the absence of a dispute as to whether White exhausted his administrative remedies. *See id.* (stating that "regardless of the nonmovant's response" a summary judgment motion must be denied if the moving party fails to "demonstrate the absence of a genuine issue of material fact") (internal quotation marks omitted).

IV

---

[5] Moreover, the EEOC's letter to Goodyear's counsel specifically states, "You have requested information contained in the file of Charge No. 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."

[6] White also submitted an EEOC questionnaire, which was not properly authenticated for summary judgment purposes, in which he alleged that Goodyear discriminated against him on the grounds of race and "illness."

White next argues that the district court erred in granting Goodyear summary judgment on his workers' compensation retaliation claim, brought pursuant to TEX. LAB. CODE. ANN. § 451.001. The district court granted Goodyear's motion for summary judgment on the retaliation claim because it found that White had not suffered an on-the-job injury. Because White did not have an on-the-job injury, the district court reasoned, Goodyear could not retaliate against him for instituting a workers' compensation claim asserting such an injury.

Section 451.001 of the Texas Labor Code provides that an employer may not discriminate against an employee because he has (1) in good faith filed a workers' compensation claim, (2) hired a lawyer to represent him in a workers' compensation claim, (3) in good faith instituted or caused to be instituted a proceeding under the Texas Workers' Compensation Act ("the Act"), or (4) has testified or is about to testify in a proceeding under the Act. TEX. LAB. CODE. ANN. § 451.001. Courts have liberally construed § 451.001 "to protect persons who are entitled to benefits under the Workers' Compensation Law and to prevent them from being discharged by reason of taking steps to collect such benefits." *Gauthreaux v. Baylor Univ. Med. Ctr.,* 879 F. Supp. 634, 639 (N.D. Tex. 1994) (internal quotation marks omitted)*; see also Palmer v. Miller Brewing Co.,* 852 S.W.2d 57, 60 (Tex. Ct. App.))Fort Worth 1993, writ denied). Therefore, an employee can recover for

retaliation for taking steps to collect a workers' compensation claim "even when the employee was fired before filing a claim for compensation so long as the evidence shows that the employee took steps towards instituting a compensation proceeding." *Palmer,* 852 S.W.2d at 60-61. An employee takes steps towards instituting a compensation proceeding simply by informing his employer of the injury or the fact that he is seeking medical treatment for the injury. *Id.; Gauthreaux,* 879 F. Supp. at 649. The plaintiff has the burden of proving that there is a causal link between the discharge and the plaintiff's protected behavior. *Burfield v. Brown, Moore & Flint, Inc.,* 51 F.3d 583, 589-90 (5th Cir. 1995).

Our research reveals no authority to indicate that an employee must have a valid workers' compensation claim, or an actual work-related injury in order to sue for workers' compensation retaliation. Section 451.001 does require, however, that the employee file a workers' compensation claim or institute a workers' compensation proceeding *in good faith.* In light of the liberal construction that courts have given § 451.001, we conclude that § 451.001 was intended to allow employees to recover from employers who retaliate against them for claims filed or instituted in good faith, even if those claims later turn out not to be compensable under the Act. In order to file or institute a claim in good faith, an employee must have an objectively reasonable belief that

she has a compensable injury under the Act.[7] *See Gunn Chevrolet, Inc. v. Hinerman,* 898 S.W.2d 817 (Tex. 1995) (holding that employee did not have a good faith claim for workers' compensation because her employer did not subscribe to the Act, employee had no reason to think that employer did, and employee never claimed that employer was responsible for her injury).

We note that Texas courts have adopted a similar good faith standard for a related employment statute, the Texas Whistle Blower Act. *See Texas Dept. Hum. Serv. v. Hinds,* 904 S.W.2d 629, 633, 636 (Tex. 1995) (comparing the two statutes). The Whistle Blower Act prohibits "a local government from terminating an employee for reporting 'a *violation of law* to an appropriate law enforcement authority if the employee report is made *in good faith.*'" *Lastor v. City of Hearne,* 810 S.W.2d 742 (Tex. Ct. App.))Waco 1991, no writ) (quoting TEX. REV. CIV. STAT. ANN. art. 6252-16a, § 2) (emphasis in original). Despite the statutory language which appears to require that the employee report an actual violation of law, Texas courts have held that "the good-faith requirement can be given effect only if it protects the employee from retribution for reporting an incident that turns out not to be a violation of law." *Texas Dept. Hum. Serv. v. Green,* 855 S.W.2d 136,150 (Tex. Ct.

---

[7] Also implicit in the good faith requirement of § 451.001, is that the employee filed or instituted her workers' compensation claim for a proper purpose, not as a result of malice or spite. However, Goodyear's motion for summary judgment did not explicitly challenge White's motive in this case.

App.))Austin 1993, writ denied); *Lastor,* 810 S.W.2d at 744. Therefore, it is not determinative whether the employee reports an actual violation of law. Instead, the focus of the good faith requirement "is whether an employee's belief that the reported conduct violates the law is objectively reasonable." *Green,* 855 S.W.2d at 151.

Courts also employ the "objectively reasonable belief" standard in federal discrimination retaliation statutes. In *Payne v. McLemore's Wholesale & Retail Stores,* the plaintiff alleged that he was not "rehired in retaliation for his boycott and picketing activities which were, according to plaintiff, in opposition" to his employer's unlawful employment practice of discriminating against blacks in hiring and promotion. 654 F.2d 1130, 1135-36 (5th Cir. 1981), *cert. denied,* 455 U.S. 1000, 102 S. Ct. 1630, 71 L. Ed. 2d 866 (1982). The defendant contended that the plaintiff had failed to establish a prima facie case of retaliation "because he failed to *prove* that defendant had committed any unlawful employment practices." *Id.* at 1137. The court disagreed, holding that a plaintiff can establish a prima facie case of retaliatory discharge under Title VII "if he shows that he had a reasonable belief that the employer was engaged in unlawful employment practices." *Id.* at 1140; *see also Grant v. Hazelett Strip-Casting Corp.,* 880 F.2d 1564, 1569 (2d Cir. 1989) (stating that a plaintiff can establish a prima facie case of retaliatory discharge under the

Age Discrimination in Employment Act if he was retaliated against for opposing a practice which he had "a good faith, reasonable belief" was prohibited by the Act) (internal quotation marks omitted).

Although the district court erred in granting Goodyear summary judgment on the ground that White did not suffer an on-the-job injury, we still affirm the summary judgment on this claim. As we have stated, the relevant inquiry in this case is whether White had an objectively reasonable belief that he had a compensable injury under the Act when he informed his employer of his injury. White alleges that his sickle cell crisis may have been caused by his work environment, thus giving rise to a compensable injury. However, Goodyear's summary judgment evidence demonstrates that when White instituted a proceeding under the Act by notifying his employer of his illness, he stated that his illness was not in any way due to a condition of his occupation. Accordingly, White did not believe, reasonably or unreasonably, that he had a compensable injury under the Act. Therefore, White did not institute a workers' compensation proceeding in good faith, and Goodyear is entitled to summary judgment on this claim.

V

White contends that the district court abused its discretion in denying his FED. R. CIV. P. 39(b) motion for a jury trial. FED. R. CIV. P. 38(b) allows a party to demand a jury trial "not later than 10 days after the service of the last pleading." "A party may

be relieved of the Rule 38(b) requirement upon motion and at the discretion of the court pursuant to FED. R. CIV. P. 39(b)." *Richardson v. Henry,* 902 F.2d 414, 416 (5th Cir.), *cert. denied,* 498 U.S. 901, 111 S. Ct. 260, 112 L. Ed. 2d 218 (1990); *Lewis v. Thigpen,* 767 F.2d 252, 257 (5th Cir. 1985).  If a *pro se* litigant credibly alleges that he did not make a timely request for a jury trial because of his ignorance of the relevant procedure, "the trial court should exercise its discretion under Rule 39(b) to grant him a trial by jury in the absence of strong and compelling reasons to the contrary." *Lewis,* 767 F.2d at 259.  In determining whether a *pro se* litigant's claim of inadvertence is credible, the court can consider factors such as a *pro se* litigant's choice to represent himself and his experience with trial court procedure. *Id.*  Disruption of a court's docket or prejudice to the opposing party can constitute strong and compelling reasons to deny a *pro se* litigant's credible claims of ignorance.  *Id.* at 260 n.12. Moreover, even if "a party is erroneously denied a jury trial, the error is harmless if the evidence could not have withstood a motion for directed verdict."  *Id.* at 260.

White claims that he did not make a timely motion for a jury trial because at the time the motion was due, he was proceeding *pro se* and was not aware of the jury demand requirement.[8]  In denying

[8]    White's Rule 39(b) motion acknowledged:

Although the court provided Mr. White with helpful forms to plead his

-14-

White's Rule 39(b) motion, the district court did not make a finding as to whether White's excuse was credible. The district court did state that White began the action "through the assistance of a commission," and that the court had "allowed White several indulgences already," including proceeding without paying costs. These statements do not indicate whether the district court believed White's claims of ignorance and do not indicate any other valid reason for denying White's Rule 39(b) motion.

The district court's chief rationale for denying White's motion was that granting it would unfairly prejudice Goodyear because the company would lose a "favorable procedural status." The district court specifically stated:

> White argues that Goodyear is not prejudiced by being put to a jury trial. If having a jury that it does not want is not prejudice to Goodyear, then it cannot be significant to White. White believes that he will enjoy a substantial advantage over Goodyear in a jury trial; if he is correct, his advantage is Goodyear's disadvantage. Having escaped a jury demand within the time allowed by the rules, Goodyear emphatically contends that it will be prejudiced))prejudiced in that it will lose a favorable procedural status.

The district court's definition of prejudice would effectively mandate that all opposed Rule 39(b) motions be denied on the grounds of prejudice to the opposing party. Employing this

---

causes of action, and although the court provided Mr. White with many useful written instructions to help him proceed, neither the forms nor the instructions advised him that he must specifically request a trial by jury to obtain one, or that such a request must be made within certain time limits. The complaint form provided to Mr. White contained no box or blank regarding jury trial.

At this court's urging, Mr. White ultimately obtained counsel, who filed a jury demand simultaneously with her Notice of Appearance.

definition of prejudice would frustrate our longstanding belief that "the right to trial by jury is a basic and fundamental feature of our system." *Lewis,* 767 F.2d at 259 (internal quotation marks omitted). Proper considerations of prejudice in the context of a Rule 39(b) motion include a lack of time to prepare for an impending trial or significant time and resources spent preparing for a bench trial. *See United States v. Unum, Inc.,* 658 F.2d 300 (5th Cir. 1981) (holding that district court did not abuse its discretion in denying a Rule 39(b) motion because "[f]orcing the plaintiff to change its trial strategy [only a few days before the final docket call] would have worked a substantial hardship"). Neither of these considerations is present in this case.

Based on the foregoing, we hold that the district court abused its discretion by applying an improper standard in denying White's motion for a jury trial. Additionally, we cannot conclude that this error was harmless because based on the limited record before us, it is not clear that White's claims cannot withstand a motion for judgment as a matter of law. *See Rhodes v. Guiberson Oil Tools,* 75 F.3d 989, 994 (5th Cir. 1996) (en banc) (stating standard for judgment as a matter of law); *Boeing Company v. Shipman,* 411 F.2d 365, 374 (5th Cir. 1969) (en banc) (same). We therefore vacate the district court's order. On remand, if the district court finds that White's claim of ignorance is not credible, it must articulate the reasons for its findings. *Lewis,* 767 F.2d at

260.  In addition, if there are any strong and compelling reasons to deny White's Rule 39(b) motion, the district court must specifically state those reasons on remand.  *Id.*

VI

White's attorney, Cynthia Thomson, argues that the district court abused its discretion in sanctioning her, pursuant to 28 U.S.C. § 1927, because the court failed to make the necessary factual findings.  Section 1927 allows a district court to require an attorney to personally pay the excess costs, expenses, and attorneys' fees reasonably incurred as a result of the attorney's actions which unreasonably and vexatiously multiply the proceedings.  28 U.S.C. § 1927.  We review a district court's award of fees and costs under 28 U.S.C. § 1927 for abuse of discretion. *Browning v. Kramer,* 931 F.2d 340, 344 (5th Cir. 1991).  "Section 1927 requires a sanctioning court to do more than disagree with a party's legal analysis." *F.D.I.C. v. Calhoun,* 34 F.3d 1291, 1300 (5th Cir. 1994).  The court must specifically determine that the attorney's claims were unreasonable and that they were asserted for an improper purpose.  *Id.*  In addition, the court must make findings identifying the specific conduct which unreasonably and vexatiously multiplied the proceedings. *Browning,* 931 F.2d at 346.  The attorney will only be responsible for the excessive fees and costs that the court determines were incurred by the opponents in responding to such claims.  *Id.*

The district court failed to identify Thomson's unreasonable and vexatious conduct which multiplied the proceedings, or the fees and costs which Goodyear incurred as a result of this conduct. We therefore hold that the district court abused its discretion in imposing sanctions under § 1927, and we vacate the award. *See Calhoun,* 34 F.3d at 1301 (reversing award of sanctions where claims were "warranted by existing law" and district court did not make "separate showing of improper purpose"); *F.D.I.C. v. Conner,* 20 F.3d 1376, 1385 (5th Cir. 1994) (vacating award of sanctions under § 1927 where district court did not make a specific finding that the attorney's conduct was vexatious). "On remand, the district court may, if the facts warrant it, identify the conduct in which [Thomson] engaged that displayed the degree of recklessness, bad faith, or improper motive required for a finding that [Thomson] has multiplied the proceedings unreasonably and vexatiously." *Conner,* 20 F.3d at 1385 (internal quotation marks omitted).[9]

VII

For the foregoing reasons, we AFFIRM in part, REVERSE and REMAND in part, and VACATE and REMAND in part for further proceedings consistent with this opinion.

---

[9] Goodyear argues that White's appeal of his race and retaliation claims is frivolous; therefore, Goodyear should recover its attorneys' fees and costs incurred as a result of defending the appeal, pursuant to FED. R. APP. P. 38. *See* FED. R. APP. P. 38 (stating that "if a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonably opportunity to respond, award just damages and single or double costs to the appellee"). Because we have concluded that White's appeal of these claims is not frivolous, we decline Goodyear's request for sanctions.