**COMPAQ COMPUTER CORPORATION, Plaintiff,**

**v.**

**ERGONOME, INC., Stephanie L. Brown and Thomas Mowrey, Defendants.**

**Civil Action Nos. H–97–1026, H–98–3159.**

United States District Court, S.D. Texas, Houston Division.

April 1, 2002.

---

472

Albert Berton Deaver, Jr., Arnold White & Durkee, Houston, TX, Michael O. Sutton, Locke Liddell, Houston, TX, for plaintiff.

Arnold Anderson Vickery, Arnold Anderson Vickery, PC, Houston, TX, Paul F. Waldner, III, Waldner & Assoc., Houston, TX, Martin R. Gold, Rubinbaum et al, New York City, Charles K. Kebodeaux, Beaumont, TX, Stephen M. Kramarsky, Thomas E.L. Dewey, Dewey Pegno et al, New York City, for defendants.

ORDER

HARMON, District Judge.

Pending before the Court are three post-judgment motions:

1. Motion of Defendants Brown and Mowrey to Alter or Amend Final Judgment (Instrument No. 384)

2. Motion and Memorandum of Compaq Computer Corporation (Compaq) in Support of Its Claim for Attorneys' Fees Pursuant to Rule 54 Fed.R.Civ.P., 17 U.S.C. Sec. 505 and 28 U.C.Sec.1927 (Instrument No. 386)

3. Motion and Memorandum by Compaq to Amend or Clarify the Final Judgment (Instrument No. 388).

### Brown and Mowrey's Motion to Alter or Amend Final Judgment

In their motion the defendants Brown and Mowrey seek to have themselves individually removed from the Judgment that was entered in this case on July 16, 2001. Their reasoning is that they were never sued by Compaq and the corporate veil of Ergonome, Inc., the corporation of which they are the principals, was never pierced by Compaq. They fear that they will otherwise be subject to a judgment for costs and attorneys' fees.

 Their motion is a re-urging of the same points in their Motion for Judgment on the Pleadings, which was denied March 26, 2001. Brown and Mowrey were ordered to provide Compaq with necessary discovery to attempt to pierce the corporate veil of Ergonome, Inc., but Brown and Mowrey continued for over two years to refuse to provide the discovery. The Court's order of March 26, 2001 gave them an opportunity to provide the discovery and reurge the motion for judgment, but Brown and Mowrey chose not to provide the discovery. They also failed to renew the motion for judgment. Nor did they raise the alter ego question as an issue in the Pretrial Order. Thus that issue was waived. *Kona Technology Corp. v. Southern Pacific Transportation Company,* 225 F.3d 595, 604 (5th Cir.2000). Finally, Compaq moves that as a sanction for failure to provide discovery she was ordered to provide, Brown be declared the alter ego of Ergonome, Inc. For over two years Brown refused to provide the detailed discovery requested by Compaq in their quest for evidence to pierce Ergonome's corporate veil. Although she was on notice of the detail and had been held in contempt for failure to provide the interrogatory answers, she failed to comply with the discovery. As a sanction the Court will declare Brown to be the alter ego of Ergonome, Inc., and will deny the motion to alter or amend the final judgment. Throughout the remainder of the opinion the term "Ergonome" will be used to refer to Ergonome, Inc., Stephanie L. Brown and Thomas Mowrey.

### Compaq Computer Corporation's Motion for Attorneys' Fees

Compaq Computer Corporation moves for its attorneys' fees incurred in the prosecution of this case, pursuant to Rule 54 of the Federal Rules of Civil Procedure, 17 U.S.C.Sec. 505, and 28 U.S.C.Sec.1927.

The Copyright Act, 17 U.S.C. Sec. 505 provides

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

 In *Fogerty v. Fantasy Inc.,* 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994) the Supreme Court held that prevailing accused infringers are to be treated the same as prevailing copyright owners in the consideration of an award of attorney's fees under the Copyright Act, 17 U.S.C. Sec. 505. The Fifth Circuit has acknowledged that an award of attorney's fees in copyright cases is within the discretion of the trial court, but has held that the award of attorney's fees in copyright cases is the "rule rather than the exception, and should be awarded routinely." *Hogan Systems, Inc. v. Cybresource Int'l, Inc.,* 158 F.3d 319, 325 (5th Cir.1998); *McGaughey v. Twentieth Century Fox Film Corporation,* 12 F.3d 62, 65 (5th Cir.1994).

The Court considered these factors in its determination that Compaq should be awarded its reasonable attorneys' fees:

(1) The amount alleged as actual damages by Ergonome was over $800 million;

(2) Ergonome included causes of action for fraud, misappropriation, unjust enrichment, quantum meruit, and unfair competition in addition to the copyright claims of infringement of the 1994, 1995, and 1997 Guides. All of these additional claims flowed out of and were based on the alleged copyright infringement;

(3) Ergonome, from the beginning of the litigation, failed to respond timely to discovery, which resulted in monetary sanctions and holdings of contempt;

(4) Ergonome filed a multitude of non meritorious motions;

(5) Ergonome rejected an offer of judgment for $200,000 almost two years before trial;

(6) The testimony of Mowrey and Brown was, in several instances, not credible;

(7) Ergonome's counsel had the case on a 40% contingency basis, which, had the case been successful, would have resulted in fees in excess of 120 times the fees Compaq claims here.

Compaq has provided the Court with evidence in the form of billing records and declarations submitted with Compaq's motion of its attorneys' fees in the amount of $2,765,026.90. The Court has reviewed these billing records and declarations, and concludes that, in view of the circumstances of this case, the amount of time and the billing rates of the lawyers, law clerks, and paralegals, were both necessary and reasonable.

Compaq also seeks attorneys fees pursuant to 28 U.S.C.Sec.1927 from Ergonome's former counsel, the law firms of (1) Gold, Farrell & Marks and (2) Vaden, Eickenroht & Thompson, LLP; Felsman, Bradley, Vaden, Gunter & Dillon; and the individual lawyers from those firms who made appearances in the case, including former lead counsel, Kent A. Rowald ("Rowald's firms")

Title 28 United States Code, Section 1927 provides:

> Any attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the Court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of the conduct.

■ Compaq is seeking attorneys fees from the two firms that preceded as counsel of record the attorneys who substituted in at the end of November 2000 and who took the case to trial. Gold, Farrell & Marks represented Ergonome for approximately 4 months. The firm sent a letter to Compaq on March 13, 1997 demanding $79,000,000 for Compaq's alleged copyright infringement. Compaq filed suit for declaratory judgment on March 28, 1997. Gold, Farrell & Marks vigorously defended Compaq's declaratory judgment action and filed Ergonome's own suit for copyright infringement in New York. On August 7, 1997 Gold, Farrell & Marks was replaced by Kent A. Rowald and his firms. Although the case began with vigorous prosecution by Gold, Farrell & Marks, and there were questionable failures to provide prompt discovery, the Court cannot say that Ergonome's original attorneys "unreasonably and vexatiously" multiplied the proceedings. The Court will not assess attorneys' fees against that firm.

■ The same cannot be said for Kent A. Rowald and his firms, however. Rowald engaged in (1) continuous failure to provide discovery, which resulted in a sanctions order of $34,000 and the eventual holding of his clients in contempt; (2) seeking this Court's recusal on patently frivolous grounds; (3) seeking three man-

damus actions against this Court, each of which were denied by the Fifth Circuit Court of Appeals; and (4) moving for a referral of Compaq, certain of its personnel, and its attorneys in the case to the United States Attorney for investigation and possible prosecution pursuant to the Hobbs Act. For each of these course of conduct, Compaq had to prepare motions, briefs, and responses. Compaq seeks all of the fees it generated from August 7, 1997, when Rowald's firms substituted in until November 2000 when they were replaced, based upon language in *Browning v. Kramer*, 931 F.2d 340, 345 (5th Cir.1991) that suggests if the case has from the beginning been lacking in merit all the fees and costs can be recovered. That case goes on to hold, however, that the party seeking all the costs and fees must show "with 'convincing clarity' that *every* facet of this litigation was patently meritless" in order to recover all the fees. *Id., quoting National Ass'n of Gov't Employees v. National Fed'n of Fed. Employees*, 844 F.2d 216, 223 (5th Cir.1988) [emphasis in the original]. "Except when the entire course of proceedings were unwarranted and should neither have been commenced nor persisted in, an award under Sec.1927 may not shift the entire financial burden of an action's defense." *Browning v. Kramer*, 931 F.2d at 345. Although ultimately found to be without merit, the instant case does not fit the description of "entirely unwarranted," and is not the kind of case in which all fees and expenses could be recovered under Sec.1927. The Court believed it necessary to comb through the billing records of Compaq's attorneys to determine what excess fees and costs were reasonably incurred because of the Rowald firms' unreasonable and vexatious conduct. Compaq's fees were generated on and off from April 1998 through most of July 1999. The excess fees reasonably incurred because of the unreasonable and vexatious conduct totaled, by the Court's calculation, $101,822.75. The Court could not determine from the billing records what expenses of the Compaq attorneys could be attributed to responses to the Rowald firms' unreasonable and vexatious conduct, and expenses are not included in the figure.

The Court will deny Compaq's motion pursuant to 28 U.S.C.Sec.1927 as to Gold, Farrell & Marks and grant the motion, in part as to Vaden, Eickenroht & Thompson, LLP; Felsman, Bradley, Vaden, Gunter & Dillon; and the individual lawyers from those firms who made appearances in the case, including former lead counsel, Kent A. Rowald.

### Compaq's Motion to Amend or Clarify the Final Judgment

Finally, Compaq moves the Court to Amend or Clarify the Final Judgment (1) to include the Court's decision on Compaq's issues of laches and equitable estoppel that were tried to the Court whilst the other issues were tried to the jury, (2) to clarify that costs should include Compaq's attorneys fees; and (3) to hold that, as a sanction for her conduct, defendant Stephanie Brown be held to be the alter ego of Ergonome. Both parties have submitted proposed findings of fact and conclusions of law on the laches and equitable estoppel issues. The Court has ruled *supra* on the second and third matters, and its Findings of Fact and Conclusions of Law will constitute the ruling on the first matter raised in the motion to amend or clarify the final judgment. Accordingly, it is hereby

ORDERED that the Motion of Defendants Brown and Mowrey to Alter or Amend Final Judgment (Instrument No. 384) is DENIED. It is further

ORDERED that the Motion of Compaq Computer Corporation for Attorneys' Fees (Instrument No. 386) is GRANTED in part and DENIED in part. Ergonome

shall be liable to Compaq for attorneys' fees pursuant to 17 U.S.C Sec. 505 in the reasonable and necessary amount of $2,765,026.90. The law firm of Gold, Farrell & Marks shall not be liable to Compaq for attorneys fees pursuant to 28 U.S.C.Sec.1927. Pursuant to 28 U.S.C.Sec.1927. Ergonome's former lead counsel, Kent A. Rowald and his law firms, Vaden, Eickenroht & Thompson, LLP and Felsman, Bradley, Vaden, Gunter & Dillon shall be jointly and severally liable with Ergonome and with each other to Compaq for attorneys fees of $101,822.75, the excess fees reasonably incurred by Compaq because of the unreasonable and vexatious conduct of Rowald and his firms. It is further

ORDERED that the Motion by Compaq to Amend or Clarify the Final Judgment (Instrument No. 388) is GRANTED.