UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 94-30272
_____

TRAVELERS INSURANCE COMPANY,

Plaintiff-Appellee,

VERSUS

ST. JUDE HOSPITAL OF KENNER, LA., INC., ET AL.,

Defendants,

KENNETH C. FONTE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(CA-90-1983-I c/w 90-2601-I)
_____

(November 21, 1994)

Before HIGGINBOTHAM, JONES, and BARKSDALE, Circuit Judges.

RHESA HAWKINS BARKSDALE, Circuit Judge:

Kenneth C. Fonte, counsel for defendants, appeals the district court's imposition of sanctions against him under 28 U.S.C. § 1927 (multiplying proceedings "unreasonably and vexatiously").  We **AFFIRM**.

I.

More than a year after judgment for Travelers Insurance Company (based on a jury verdict) was entered, *see Travelers Ins. Co. v. St. Jude Hosp. of Kenner, La., Inc.*, 21 F.3d 1107 (5th Cir. 1994) (No. 92-9579; unpublished), defendants (Liljebergs)[1] moved to vacate it pursuant to Fed. R. Civ. P. 60(b)(6), claiming that, because of his membership in The Boston Club of New Orleans and other clubs, and other social contacts, the district judge had violated 28 U.S.C. § 455(a) by failing to disqualify himself from the underlying litigation, although he knew, or should have known, that his impartiality might reasonably be questioned.[2] In denying the 60(b)(6) motion, the district court awarded sanctions, to include attorneys' fees, against Fonte, the Liljebergs' attorney,

---

[1] Defendants were the St. Jude Medical Office Building Limited Partnership; St. Jude Hospital of Kenner, Louisiana, Inc. (SJH); Liljeberg Enterprises, Inc. (LEI); Krown Drugs, Inc. (Krown); John A. Liljeberg, Jr.; and Robert Liljeberg. SJH, Krown, and LEI are related companies, each formed, owned and controlled by the Liljebergs. Accordingly, references to the Liljebergs include not only John and Robert Liljeberg, but also their entities.

[2] Again, our court finds itself with another issue arising out of the continuing disputes between John A. Liljeberg, Jr., and Robert Liljeberg and Travelers. Today, we affirmed the denial of the 60(b)(6) motions in this and two related actions. *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, Nos. 93-3832, 93-3833, 93-3891 (5th Cir. Nov. 21, 1994). (Oral argument for this appeal was consolidated with that for the three appeals from the denial of the 60(b)(6) motions, as well as for the appeal from the judgment in the third action.) We have also addressed the two related actions in *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 7 F.3d 1203 (5th Cir. 1993), *aff'g in part* 799 F. Supp. 641 (E.D. La. 1992); and *Travelers Ins. Co. v. St. Jude Hosp. of Kenner, La., Inc.*, No. 93-3731, slip op. 581 (5th Cir. Oct. 25, 1994).

pursuant to 28 U.S.C. § 1927.[3]  The district court subsequently

quantified the sanctions at $22,123.75.[4]

## II.

Fonte does not challenge the amount of sanctions, only their

imposition.

## A.

By order entered on December 1, 1993, the district court

amended its denial of the 60(b)(6) motion to include attorneys'

fees as part of the § 1927 sanctions.  The order did not state that

those sanctions were against Fonte.  After Travelers moved to

quantify the sanctions, the district court did so on March 30,

1994.

Fonte appealed only after the March order.  Travelers suggests

that, because Fonte did not appeal from the December 1993 order

imposing sanctions, he can appeal only the amount, as set by the

March 1994 order.  Fonte replies that the December 1993 order was

---

[3]     28 U.S.C. § 1927 provides:

> Any attorney or other person admitted to
> conduct cases in any court of the United States ...
> who so multiples the proceedings in any case
> unreasonably and vexatiously may be required by the
> court to satisfy personally the excess costs,
> expenses, and attorneys' fees reasonably incurred
> because of such conduct.

[4]     As noted, in two separate, but related, actions, the
Liljebergs filed similar 60(b)(6) motions. *See Travelers*, Nos. 93-
3832, 93-3833, 93-3891 (5th Cir. Nov. 21, 1994).  The district
court awarded costs and attorneys' fees under § 1927 in all three
instances; but this appeal concerns only the sanctions imposed in
this action.  On September 9, 1994, the district court entered an
order in one of the related cases, quantifying the sanctions at
$740.  *Travelers Ins. Co. v. St. Jude Hosp. of Kenner, La., Inc.*,
No. 93-0173 (E.D. La. Sept. 9, 1994).

not directed "exclusively" to him; that only the March 1994 order directing him to pay Travelers obligated him to pay the sanctions.

Unlike Fed. R. Civ. P. 11, § 1927 sanctions are, by the section's plain terms, imposed only on offending attorneys; clients may not be ordered to pay such awards. *E.g.*, **Browning v. Kramer**, 931 F.2d 340, 344 (5th Cir. 1991). Therefore, when the district court referred solely to § 1927 in its December 1993 order, sanctions were being imposed on Fonte, not the Liljebergs. This raises, however, the issue of whether that order was appealable.[5] Although Fonte incurred sanctions under the December 1993 order, their amount was not determined until the March 1994 order. Thus, the December 1993 order was not an appealable order. **Southern Travel Club, Inc. v. Carnival Air Lines, Inc.**, 986 F.2d 125, 131 (5th Cir. 1993) ("an order awarding attorney's fees or costs is not reviewable on appeal until the award is reduced to a sum certain"). Accordingly, we have jurisdiction to consider not only the amount, but also the underlying imposition, of sanctions. (As noted, Fonte does not challenge the former.)

B.

Because § 1927 sanctions are penal in nature, **Monk v. Roadway Express, Inc.**, 599 F.2d 1378, 1383 (5th Cir. 1979), *aff'd in relevant part sub nom. **Roadway Express, Inc. v. Piper**, 447 U.S. 752 (1980), and in order not to dampen the legitimate zeal of an

---

[5] It goes without saying that, although the parties do not address this issue directly, we may address, *sua sponte*, the question of our jurisdiction. **Oswalt v. Scripto, Inc.**, 616 F.2d 191, 192 (5th Cir. 1980).

attorney in representing his client, § 1927 is strictly construed.
***Browning***, 931 F.2d at 344. Therefore, before imposing such
sanctions, a court must ensure that, pursuant to the plain terms of
§ 1927, the offending attorney's multiplication of the proceedings
was both "unreasonable" and "vexatious", ***Federal Deposit Ins. Corp.***
***v. Conner***, 20 F.3d 1376, 1384 (5th Cir. 1994); evidence of
recklessness, bad faith, or improper motive must be present. ***Hogue***
***v. Royse City, Tex.***, 939 F.2d. 1249, 1256 (5th Cir. 1991).

Despite the strict limitations for imposing § 1927 sanctions,
their imposition and quantification are committed to the sound
discretion of the court imposing them; we review only for abuse of
that discretion. *E.g.*, ***Topalian v. Ehrman***, 3 F.3d 931, 934 (5th
Cir. 1993); ***Trevino v. Holly Sugar Corp.***, 811 F.2d 896, 907-08 (5th
Cir. 1987). In sum, in reviewing the imposition of sanctions, we
do not substitute our judgment for that of the district court in
enforcing acceptable standards of conduct. ***Topalian***, 3 F.3d at
935.

1.

The district court did not abuse its discretion in finding
that the 60(b)(6) motion unreasonably and vexatiously multiplied
the proceedings. The court's findings upon which it based the
imposition of sanctions are well grounded.[6] Additionally, the

_____

[6] The district court recognized that, in order to award § 1927
sanctions, Fonte's conduct must have unreasonably and vexatiously
multiplied the proceedings. *See* 28 U.S.C. § 1927. In its March
30, 1994 order, the district court gave the following reasons for
finding that Fonte had done so:

1) There is nothing whatsoever in the record

- 5 -

evidencing a lack of appearance of impartiality of the judge.

2) This case was tried to a jury. During voir dire there was no questioning as to club membership by defense counsel, nor has there ever been questioning as to club membership before this Court.

3) The Motions were blatantly untimely, filed almost a year after final amended judgment was entered. Defendants' pleadings that the judge's club membership was "secret" and discovered only in July of 1993 was at the least patently disingenuous. The judge's Boston Club membership has been of public record since 1984, readily discoverable by anyone who can read.

4) Furthermore, since the rendering of the jury verdict and the amended judgment in this case, defense counsel has badgered the Court with these various motions without basis in fact or law, in an attempt to intimidate the Court and retard the progress of the litigation. Significantly, so far two defendants in this case have filed for reorganization in bankruptcy court since entering the amended judgment.

5) The Court interprets defendants' filing of The Motions to be a scurrilous variation on a weak form of advocacy: wait until the case is lost and post-trial motions are denied, then proceed to question the impartiality of the Court, almost a year after the amended judgment is rendered, with allegedly "newly discovered" information, in fact available to the public for years. Moreover, defendants were not satisfied with an attempt to impugn the integrity of the Court, but elected to malign by innuendo the character and professionalism of two attorneys unrelated to the trial of this case.

These findings reflect that the district court, by implication, found evidence of bad faith and improper motive.

In his brief, instead of focusing on the issue and standard of review, Fonte attempts primarily to reargue the merits of the 60(b)(6) motion and Judge Mentz's refusal to recuse himself. It goes without saying that if the district court had erred in denying the 60(b)(6) motion, its submission would naturally not have been

background and context of this litigation illuminate the district court's experience in dealing with Fonte.[7]

2.

Fonte maintains that the district court exceeded its authority under § 1927 by considering bankruptcy proceedings undertaken by two Liljeberg entities.  *See* note 6, *supra* (findings ¶ 4).  In *Matter of Case*, 937 F.2d 1014 (5th Cir. 1991), we stated that § 1927

> limits the court's sanction power to attorney's actions which multiply the proceedings in the case before the court.  Section 1927 does not reach conduct that cannot be construed as part of the proceedings before the court issuing § 1927 sanctions.

*Id.* at 1023.  Fonte's reliance upon *Case* is misplaced.  There, we prohibited the district court from awarding fees incurred in a collateral state court proceeding.  Here, the district court did not award Travelers fees it may have incurred in the bankruptcy proceedings.  The references to those proceedings contributed to the district court's implicit determination that the 60(b)(6) motion was in bad faith, or undertaken with an improper motive.

---

unreasonable or vexatious.  In light of the fact that the denial of all three 60(b)(6) motions was before us in separate appeals, Fonte could have stated this simple truism, and then moved on to the merits of this appeal.  Instead, as noted, he elected to inundate his brief with arguments on the merits of the 60(b)(6) motions.

[7]   The March 1994 order supplemented the court's earlier order denying the 60(b)(6) motion.  The earlier order, which contained findings included in the district court's calculus for determining whether to impose sanctions, is an appendix to *Travelers Ins. Co. v. St. Jude Medical Office Bldg., Ltd. Partnership*, 843 F. Supp. 138, 155-58 (E.D. La. 1994).

3.

Next, Fonte asserts that the 60(b)(6) motion did not protract the appeal on the underlying judgment, *see* note 6, *supra* (district court findings ¶ 4); and that, therefore, sanctions were not in order. Needless to say, the motion "multiplie[d] the proceedings". 28 U.S.C. § 1927. Section 1927 is not limited to dilatory tactics; the issue for the district court is whether counsel unreasonably and vexatiously multiplied the proceedings.

4.

Fonte contends also that, before imposing sanctions, the district court denied him notice and an opportunity to be heard, thus denying him due process. *See* **Roadway Express**, 447 U.S. at 767 ("attorney's fees should not be assessed lightly or without fair notice and an opportunity for a hearing on the record").

Despite his assertions, Fonte received notice that the court was considering sanctions. Before requesting them, Travelers notified Fonte by certified letter, with copy to the district judge, that it considered the 60(b)(6) motion to be in violation of both Fed. R. Civ. P. 11 and § 1927. And, in its opposition to the 60(b)(6) motion, Travelers requested sanctions. This satisfied the notice requirements of due process. **In re Perry**, 918 F.2d 931, 935 (Fed. Cir. 1990), *cert. denied*, ___ U.S. ___, 112 S. Ct. 49, 50 (1991).

Nor did the district court's failure to hold a hearing violate Fonte's due process rights. "[T]he right to a hearing ... is limited to cases where a hearing would assist the court in its

decision." ***Hill v. Norfolk & W. Ry.***, 814 F.2d 1192, 1201 (7th Cir. 1987). "Where the sanctionable conduct occurred in the presence of the court, there are no issues that a hearing could illuminate and hence the hearing would be pointless." ***Kapco Mfg. Co. v. C & O Enters., Inc.***, 886 F.2d 1485, 1495 (7th Cir. 1989); *accord* ***Hill***, 814 F.2d at 1202. Fonte does not contend that any factual dispute exists with respect to his actions for which § 1927 sanctions were imposed; those actions appear in the record and briefs before the district court. A hearing would not have developed or clarified § 1927 issues. Furthermore, by having presided over the underlying action, as well as related actions, the district court was most familiar with Fonte, the parties, and the litigation. *See* ***Travelers Ins. Co. v. St. Jude Medical Office Bldg., Ltd. Partnership***, 843 F. Supp. 138, 156 n.6 (E.D. La. 1994). *See also* ***United States v. Nesglo, Inc.***, 744 F.2d 887 (1st Cir. 1984) ("another factor that militates towards finding that a hearing was unnecessary is the degree of familiarity the court had with the parties and the litigation").

5.

Finally, Fonte maintains that the district court should have employed Rule 11, not § 1927, thus entitling him to the Rule's procedural safeguards. There is nothing in the sanctioning provisions which mandates that a court must consider Rule 11 before § 1927. *See* ***Chambers v. NASCO, Inc.***, 501 U.S. 32, 50 (1991) (a court is not forbidden from sanctioning bad-faith conduct under its inherent powers simply because that conduct could also be

sanctioned under § 1927 or the Federal Rules of Civil Procedure). The decision whether to use § 1927, or Rule 11, or both, is within the discretion of the district court; no abuse of that discretion is present.[8]

### III.

For the foregoing reasons, the district court's imposition of sanctions, to include their amount, is

**AFFIRMED.**

---

[8] Travelers seeks appellate sanctions. We decline to impose them.