IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-60827
Summary Calendar

_____

IN RE:      DISCIPLINARY PROCEEDINGS
AGAINST FIRNIST J ALEXANDER, JR.
P.O. BOX 1326
JACKSON, MS 39215-1326

_____

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:98-MC-12-B
_____

May 8, 2000

Before POLITZ, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Firnist J. Alexander appeals from his disbarment by the federal court following his disbarment by the Supreme Court of Mississippi. Alexander contends that the district court deprived him of due process by denying his request for a hearing and by relying solely on the state-court disbarment, thus failing to make an independent determination of his fitness to practice law. He contends that he was deprived of due process in the state disbarment proceeding by the use of default-judgment procedures; by the Mississippi Bar's failure to introduce any evidence of misconduct in the state proceedings; and by the consideration as aggravating factors

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in the state proceedings disciplinary actions that occurred after the complaints were filed that resulted in the state proceedings.  Alexander argues that the consideration of the disciplinary actions that occurred after the complaints were filed also constituted a violation of the Ex Post Facto Clause.

First, Alexander has not shown that a hearing was necessary to assist the district court; the Due Process Clause was not offended because the district court did not hold a hearing.[2]  Second, the district court implicitly rejected the contentions in Alexander's response to the show-cause order when it disbarred Alexander; the district court therefore did not rely solely on the state disbarment without further consideration.  Third, the use of Mississippi's default procedures in Alexander's state-court case did not violate the Due Process Clause.  Alexander had ample notice and an opportunity to be heard.[3]  Fourth, Alexander's disciplinary history was not part of the charges against him; the charges were based on Alexander's representation of a particular client in a particular action.  There was no due process violation because the complaint did not mention a disciplinary action that occurred after the complaint was filed.[4]  Fifth, Alexander makes no legitimate Ex Post Facto Clause contention.[5]

AFFIRMED.

---

[2]**Travelers Ins. Co. v. St. Jude Hospital of Kenner, La., Inc.**, 38 F.3d 1414  (5th Cir. 1994).

[3]**Boddie v. Connecticut**, 401 U.S. 371 (1971).

[4]**In re Ruffalo**, 390 U.S. 544 (1968).

[5]**Collins v. Youngblood**, 497 U.S. 37 (1990).