**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 99-10294**

_____

**WESTERN HERITAGE INSURANCE COMPANY,**

**Plaintiff-Appellee,**

**versus**

**STEVE ROBERTSON; ET AL.,**

**Defendants,**

**STEVE ROBERTSON,**

**Defendant-Appellant,**

**and**

**JEFFREY R. SECKEL,**

**Appellant.**

_____

**Appeals from the United States District Court**
**for the Northern District of Texas**
**(4:96-CV-250-Y)**
_____

June 19, 2000

Before REAVLEY, DAVIS, and BARKSDALE, Circuit Judges.

PER CURIAM:[1]

Steve Robertson and his attorney, Jeffrey R. Seckel, contest

the attorney's fees awarded Western Heritage Insurance Co. under

---

[1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the district court's Declaratory Judgment Act equitable powers, 28 U.S.C. § 2202 ("[f]urther necessary or proper relief based on a declaratory judgment ... may be granted"), and awarded, in the alternative, against Seckel under 28 U.S.C. § 1927 (attorney who unreasonably and vexatiously multiplies proceedings may be liable for attorney's fees).  Finding *no* abuse of discretion, we **AFFIRM**.

I.

This action arises out of an automobile accident in August 1995, when Robertson's automobile was hit by a vehicle owned by North American Wholesale Motors and driven by Jones (the vehicle). In the light of the post-accident photographs of Robertson's vehicle, the damage appears to have been extremely minor.  In any event, law enforcement officers were *not* summoned.  By handwritten statement at the scene of the accident, Jones admitted fault and stated he was employed by "Hearn Transport at the time" of the accident.

Shortly thereafter, Western was notified about the accident. It had issued a garage policy to Bob Hearn, Sr., d/b/a Bob Hearn Transport.  The policy covered owned vehicles and listed employees. But, the vehicle driven by Jones in the accident was neither owned by Bob Hearn, Sr., nor his company, Bob Hearn Transport. Additionally, Jones was *not* listed in the policy as an employee.

Based on its investigation, Western informed Hearn, Sr., that the claim was denied, because the vehicle was owned by North

American Wholesale Motors. It further informed Hearn, Sr., that Robertson would be advised his claim was being denied.

On 29 December 1995, Robertson, represented by Seckel, filed suit in Texas state court against Jones and "Bob Hearn, d/b/a Bob Hearn Transport", alleging that the vehicle operated by Jones was owned by Bob Hearn d/b/a Bob Hearn Transport. Bob Hearn, Jr., *not Bob Hearn, Sr.*, was served. And, he was served at home, *not* at the address given for Bob Hearn Transport.

Hearn, Jr., did *not* answer the state court suit; and, on 26 February 1996, a default judgment for approximately $900,000 was taken. Jones was non-suited the same day, because he allegedly could *not* be located for service of process.

Shortly thereafter, on 7 March, Robertson, still represented by Seckel, filed a state court action against Jones, based on the same automobile accident. The following day, Jones was served. When served, Jones received a letter for his signature, requesting Western assume his defense pursuant to its policy covering Bob Hearn Transport. The letter had been prepared by Seckel. Western received Jones' defense-request letter, ghostwritten by Seckel, in the same envelope as a demand for $295,000, submitted by Seckel. The defense-request stated:

> Please be advised that on March 7, 1996, I was served with process in connection with the above-referenced suit. Attached hereto for your review and reference, is a copy of the suit papers. I am requesting that you assume the defense of this matter pursuant to

> the obligations which Western Heritage undertook *in connection with the issuance of policy AGP 0230911*, which was issued to Bob Hearn d/b/a Bob Hearn Transport.

(Emphasis added.)

Meanwhile, Appellants sought, and the state court appointed, a receiver for Bob Hearn d/b/a Bob Hearn Transport. On 1 April 1996, Seckel, representing the receiver, filed a coverage action in state court against Western. It was served on 15 April.

Western had provided a defense in certain portions of the state court proceedings. And, on 8 April, prior to receiving service for the state court coverage action, Western filed this declaratory judgment action in federal district court against Robertson, Jones, and Bob Hearn d/b/a Bob Hearn Transport. Western claimed, *inter alia*, it was *not* liable to Robertson. Seckel answered for Robertson only.

That June, Appellants and Hearn, Jr., signed a settlement agreement by which Hearn, Jr., agreed *not* to contest the state court default judgment and, in return, would receive one-third of any recovery from Western. The district court later found that the agreement formally established Seckel as Hearn, Jr.'s, attorney. Western, in the declaratory judgment action at hand, sought discovery of this settlement agreement. Appellants did *not* produce it. In fact, the district court later found they denied it even existed. Eventually, in March 1998, Hearn, Jr., revealed its existence.

In August 1996, Hearn, Jr., filed a *pro se* motion to set aside a default judgment taken against Bob Hearn d/b/a Bob Hearn Transport in the federal declaratory judgment action. (The motion was stricken, because he failed to conference with opposing counsel.) On Hearn, Jr.'s, motion was document identification number "661-1594-0001-60080-653". This number also appears on Robertson's papers filed by Seckel in federal district court. The district court later found that Seckel had prepared this motion for Hearn, Jr.

Earlier, in June 1996, Appellants had moved to have the federal court abstain, pursuant to **Wilton v. Seven Falls Co.**, 515 U.S. 277, 282 (1995). The motion was denied in February 1997.

In August 1997, the district court granted Western summary judgment, holding that Robertson had failed to produce any competent summary judgment evidence that Jones was an employee of Bob Hearn Transport or that Bob Hearn, Jr., was an insured. It awarded Western attorney's fees, pursuant to the Texas Declaratory Judgment Act, against Robertson and Bob Hearn d/b/a Bob Hearn Transport.

Robertson appealed the summary judgment and the fees award. Our court affirmed the judgment, but held fees *could not* be awarded under the Texas Declaratory Judgment Act. **Western Heritage Ins. Co. v. Robertson**, No. 97-11306 (5th Cir. 19 Aug. 1998)

(unpublished).  The action was remanded to allow the district court to determine whether to award fees on other grounds.  *Id*.

The district court, on Western's post-remand motion, and based upon detailed findings of fact and conclusions of law, awarded fees against Robertson and Seckel, pursuant to its 28 U.S.C. § 2202 declaratory judgment equitable powers, as well as against Seckel, pursuant to 28 U.S.C. § 1927.  Approximately $52,000, together with prospective fees, was awarded.

II.

As discussed *infra*, the fees award under each basis — § 2202 and § 1927 — is reviewed *only* for abuse of discretion. In this regard, Appellants fall far short of demonstrating that the district court's underlying, and exhaustive, findings of fact are clearly erroneous. Nor have they shown error in the accompanying conclusions of law.

A.

The award of attorney's fees pursuant to the district court's equitable powers under 28 U.S.C. § 2202 is reviewed *only* for abuse of discretion. *Cf*. **Chambers v. NASCO, Inc.**, 501 U.S. 32, 55 (1991) (court's inherent powers to award attorney's fees). Such § 2202 awards are permitted in "cases of bad faith, vexation, wantonness, or oppression relating to the filing or maintenance of the action". **Mercantile Nat'l Bank v. Bradford Trust Co.**, 850 F.2d 215, 218 (5th Cir. 1988).[2] Because conduct is sanctionable under one of the Federal Rules of Civil Procedure does *not* mean that the court cannot, under another basis, impose sanctions against that conduct. *See* **Woodson v. Surgitek, Inc.**, 57 F.3d 1406, 1418 (5th Cir. 1995).

1.

---

[2]Notwithstanding the district court stating the award was pursuant to § 2202, the parties' briefs refer to the award as being an exercise of the court's inherent powers. For purposes of this appeal, it is a distinction without a difference.

Appellants contend that the district court did *not* make an explicit finding of bad faith. The court stated, however, that Western reasonably incurred approximately $52,000 in attorney's fees as a result of Robertson and Seckel's "bad faith and vexatious litigation".

2.

Appellants next maintain there was insufficient evidence of bad faith conduct *in the district court* to support sanctions. They claim they are being sanctioned for conduct *outside* the federal court proceedings. Appellants point to the district court's findings of fact, which detail their conduct in state court. These findings establish, however, that: their claim was meritless; they should have realized it; they did everything they possibly could to maintain it; and it should have been dismissed voluntarily. Several examples follow.

The September 1995 letter from Western denying coverage states that the vehicle was owned by North American Wholesale Motors. The vehicle's title states the same thing. Yet, Seckel initiated and maintained suits against, or concerning, Bob Hearn d/b/a Bob Hearn Transport on the grounds that he owned the vehicle. Seckel knew, *or at least certainly should have known after early and reasonable investigation*, that this was *not* correct.

Additionally, as he admitted at oral argument here, Seckel had the insurance policy no later than when the declaratory judgment

action was filed (8 April 1996).  He requested a copy from Western by letter dated 11 March 1996, shortly after he filed the second state court action — against Jones.  He referenced that action in the letter

Correspondingly, Seckel knew, *or certainly should have known,* that Jones was *not* a listed operator.  And, in his numerous conversations with the unrepresented Bob Hearn, Jr., Seckel did *not* verify that Hearn, Jr., was the policyholder.  The policy listed the address, *date of birth*, and driver's license number for Bob Hearn, Sr.  Seckel did *not* verify any of these facts.

Of course, the failure to adequately investigate Robertson's claim and its factual basis is sanctionable.  FED. R. CIV. P. 11; *see* **Blue v. United States Dep't of the Army**, 914 F.2d 525, 542 (4th Cir. 1990).

Furthermore, the district court determined that Seckel failed to respond to Western's discovery request to produce the settlement agreement between Robertson and Hearn, Jr.  Of course, discovery violations are sanctionable.  FED. R. CIV. P. 37; *see* **Carroll v. Jaques Admiralty Law Firm, P.C.**, 110 F.3d 290, 293-94 (5th Cir. 1997).

In responding to Western's summary judgment motion, Robertson maintained it did *not* matter which Bob Hearn was served, claiming both were covered under the policy.  He did so even after Seckel knew, or certainly should have known, that:  the policy only

covered owned vehicles and listed operators; the vehicle was *not* an owned vehicle; and Bob Hearn, Jr., was neither the policyholder nor a listed operator. In awarding summary judgment to Western, the district court found "patently ludicrous" Robertson's claim that, even though the wrong Bob Hearn was served, Robertson had a viable claim.

Moreover, at oral argument here, Seckel admitted that: in December 1996, when Western moved for summary judgment, he knew there were two Bob Hearns; and he had sued and served the wrong Hearn. Nevertheless, he continued with the actions, contending both Bob Hearns were insureds. Of course, continuing to prosecute a meritless action is sanctionable. *See **Edwards v. General Motors Corp.***, 153 F.3d 242, 246 (5th Cir. 1998).

Furthermore, at oral argument here, Seckel admitted preparing Jones' request for defense under Western's insurance policy. Restated, he admitted preparing correspondence for the person he was suing.

Additionally, the 19 digit file number on Bob Hearn, Jr.'s, *pro se* motion, filed in federal court, to vacate the default judgment is identical to the file number on papers filed by Seckel on Robertson's behalf in federal court. As noted, Seckel prepared this motion for Hearn, Jr.

Each of these abuses, standing alone, is sufficient to impose sanctions. Taken collectively, they reflect the district court did

*not* abuse its discretion in finding that: Appellants engaged in bad-faith, sanctionable conduct in federal district court; the proceedings, in state and federal court, were unwarranted; and, as a result, Appellants should be assessed all of Western's attorney's fees.

### 3.

Concerning the amount of the award, Appellants claim that, because the district court did *not* limit the award to identified bad faith conduct, the amount is excessive. Full fees, however, may be awarded if the frequency and severity of the abuses so warrant to insure such abuses are *not* repeated. ***Chambers***, 501 U.S. at 56. As discussed *supra*, and given the wide range of abuses, the district court did *not* abuse its discretion.

### B.

The award of attorney's fees pursuant to 28 U.S.C. § 1927 is in the discretion of the district court; we again review *only* for abuse of that discretion. ***Travelers Ins. Co. v. St. Jude Hosp. of Kenner, La., Inc.***, 38 F.3d 1414, 1417 (5th Cir. 1994). Section 1927 states:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Because § 1927 is penal in nature, it is strictly construed. ***Travelers***, 38 F.3d at 1416. Therefore, the court must find the offending conduct unreasonable and vexatious. ***Id***. at 1416-17. This requires evidence of bad faith, improper motive, or reckless disregard of the duty owed the court. ***Id***. at 1417. It goes without saying that, in reviewing the imposition of sanctions, we do *not* substitute our judgment for that of the district court. *E.g.,* ***Topalian v. Ehrman***, 3 F.3d 931, 935 (5th Cir. 1993).

As discussed, the district court found: Seckel acted in bad faith; he brought vexatious litigation; and the claim was frivolous. Obviously, keeping alive a meritless action in the hopes of obtaining a nuisance settlement is unreasonable. ***Edwards***, 153 F.3d at 246. Counsel's failure to reasonably investigate plaintiff's claim or material produced in discovery, which would have revealed the claim's lack of merit, is bad faith litigation. ***Blue,*** 914 F.2d at 542. For the same reasons noted in Part II. A., the entire litigation was unwarranted, unreasonable, vexatious, and in bad faith. In short, the district court did *not* abuse its discretion in awarding fees pursuant to § 1927.

### III.

Having found *no* abuse of discretion, the award of attorney's fees against Robertson and Seckel is

***AFFIRMED.***