United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 6, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 04-20921

SAM BYNUM, Individually and on behalf of all
others similarly situated,

                              Plaintiff-Appellant,

versus

AMERICAN AIRLINES INC.; ET AL.,

                              Defendants,

AMERICAN AIRLINES INC.; CONTINENTAL AIRLINES INC.; DELTA
AIRLINES, INC.; NORTHWEST AIRLINES, INC.,

                              Defendants-Appellees,

versus

MARIAN ROSEN,
                              Appellant.

Appeal from the United States District Court for
the Southern District of Texas
(USDC No. 4:03-CV-518)

Before REAVLEY, JOLLY and OWEN, Circuit Judges.

1

PER CURIAM:[*]

We vacate and remand for the following reasons:

1.      The district court held that Appellant's lawsuit had no basis in fact or law.  It then imposed sanctions in the amount of $27,943.23 on Appellant and his counsel jointly and severally.[1]  The district court did not specify pursuant to which rule or power it was sanctioning the Appellant and his counsel.

Sanctions may rest on Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, or its inherent power.  *Mercury Air Group, Inc. v. Mansour*, 237 F.3d 542, 548 (5th Cir. 2001) (Rule 11); *Travelers Ins. Co. v. St. Jude Hosp. of Kenner, La., Inc.,* 38 F.3d 1414, 1417-18 (5th Cir. 1994) (28 U.S.C. § 1927)*; Gonzalez v. Trinity Marine Group, Inc.,* 117 F.3d 894, 898 (5th Cir. 1997) (inherent authority).  However, since the district court sanctioned the party and counsel, and held them jointly and severally liable, the district court could not have been acting under § 1927 because only the attorney, not the client, may be sanctioned under § 1927.  *Magnum Oil Co. v. City of Houston*,

[*]  Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]  We note that the Appellees requested attorneys' fees and costs as sanctions against Appellant's counsel, not Appellant.  Nevertheless, the district court imposed sanctions on both Appellant and his counsel.

2

143 F.3d 205, 208 (5th Cir. 1998). If the district court was acting under § 1927, it abused its discretion in awarding the sanctions.

Sanctions under Rule 11 may be appropriate if: (1) a document has been presented for an improper purpose (Rule 11(b)(1)), (2) the claims or defenses of the signer are not supported by existing law or by a good-faith requirement for an extension or change in existing law (Rule 11(b)(2)), or (3) the allegations and other factual contentions lack evidentiary support or are unlikely to do so after a reasonable opportunity for investigation (Rule 11(b)(3)). First, we cannot glean from the district court's oral statements that a document was presented for an improper purpose under Rule 11(b)(1). Further, the parties do not argue that Rule 11(b)(1) applies. Second, monetary sanctions can be imposed against the attorney but *not* the client for violations of Rule 11(b)(2). *See* FED. R. CIV. P. 11(c)(2)(A). Since the district court sanctioned the party and counsel, the district court could not be acting under Rule 11(b)(2). If the district court was acting under Rule 11(b)(2) (which it appears it was doing when it stated that Appellant's claims lacked legal merit), the district court abused its discretion by improperly sanctioning both the party and counsel.

In his complaint, Appellant asserted two claims–violations of Title III

3

of the Americans with Disabilities Act (ADA) and the Air Carrier Access Act (ACAA).  Appellant requested injunctive and declaratory relief under both statutes seeking captions for in-flight movies and safety films.  The district court held that Appellant's ADA claim had no basis in law because the ADA specifically excludes airplanes from coverage.  However, it is not clear (or settled precedent, at least in this circuit) that airplanes are not covered by Title III of the ADA.  The district court did not cite a case in support of its holding.  The two cases cited by Appellees, *Love v. Delta Airlines*, 179 F. Supp. 2d 1313, 1316 (M.D. Ala. 2001), *rev'd on other grounds*, 310 F.3d 1347 (11th Cir. 2002) and *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1332 (11th Cir. 2004), only held that airlines are *not generally* covered by Title III of the ADA.

In the instant case, the district court also concluded that Appellant's ACAA claim failed because that statute includes no private right of action.  This holding is directly contrary to Fifth Circuit precedent.  In *Shinault v. American Airlines, Inc.*, 936, F.2d 796, 800 (5th Cir. 1991), this court specifically held that the ACAA provides a private right of action.  *Shinault* has not been overruled even though other circuits have reached a different conclusion.  The district court also held that enforcement of the ACAA lies

4

solely with the Department of Transportation. This court held in *Shinault* that the Department of Transportation has primary jurisdiction over claims for injunctive relief under the ACAA. *Id.* at 805. In addition, this court stated: "[o]ur unwillingness to hear Shinault's claim for injunctive relief should not be interposed as a blanket proscription on judicially issued injunctions under the ACAA." *Id.* Thus, the availability of injunctive relief under the ACAA is far from settled in this circuit. Further, this court has not dealt with declaratory relief under the ACAA. In sum, Appellant's ADA and ACAA claims were supported by existing law (or at the very least not directly contrary to existing law so as to be frivolous).

We next turn to whether there was a violation of Rule 11(b)(3). It appears that the district court did sanction the Appellant and his counsel under Rule 11(b)(3) based on a lack of factual support for Appellant's claims. In granting summary judgment, the district court held that Appellant lacked standing to sue because he failed to show that he had flown on an airplane before he sued and that he lacks an injury. Prior to granting summary judgment, the district court ordered Appellant to file a pleading listing all of the airlines that he had flown since the effective date of the ADA, and whether those flights were domestic or international. Appellant responded

5

that he had flown domestic flights on American Airlines, Continental Airlines, and Delta Airlines. He did not state he had flown on Northwest Airlines, which he had named as a defendant, or that he had flown on any international flights.[2] The district court then ordered Appellant to list "what airlines he flew on specific dates" for the six months prior to filing suit.[3] Appellant responded that he had flown domestically on Continental Airlines in January 2004 and on Delta Airlines in June 2004, after filing suit.

At the sanction hearing, Appellant testified:

Q: You are aware that you have sued nine different carriers in this lawsuit?
A: Yes, ma'am.
Q: Have you flown on each and every one of those air carriers at some point in time?
A: Yes.

He further testified that in the last four years he had flown to Hawaii, Washington, D.C., Austin, Dallas, Las Vegas, Guadalajara, Mexico, and

---

[2] We note that the Deutsche Lufthansa AG, Air France LLP, British Airways PLC, and Virgin Atlantic Airways Ltd. (collectively "International Carriers") chose not to pursue attorneys' fees. The four domestic carriers that sought attorneys' fees as sanctions were American Airlines, Delta Airlines, Continental Airlines, and Northwest Airlines.

[3] We are unsure as to why the district court requested this information for only the six month period prior to the filing of the lawsuit.

Seattle. He could not recall the specifics of these flights, the exact dates and which airlines he flew to each destination. He further testified that he attempted to contact the airlines and that they were unable to provide him with the information on the flights. He testified that he had discarded the documentation on the flights. Appellant testified that his father paid for the flights, but would not release the documents to him. He stated that he had been diagnosed with psychosis and had trouble communicating with his attorney. Appellant testified that he believed that in 2001 or 2002 he flew on a Continental flight and questioned a stewardess if any accommodation could be made because he could not listen to a movie.

We agree with the district court that Appellant's lawsuit against the airlines for which he had not flown lacked any basis in fact and that he lacked standing to sue these airlines (Northwest Airlines and the International Carriers). However, as for Continental Airlines, Delta Airlines, and American Airlines, Appellant specifically listed these airlines as ones he had flown since the effective date of the ADA. While Appellant or his counsel did not have documentation supporting these flights prior to filing suit, the standard certification for factual allegations under Rule 11(b)(3) is that there is (or likely will be) evidentiary support for the allegation, not that the party

7

will prevail with respect to its contention.

The district court admonished Appellant's counsel that she should have a factual basis or inquired into the factual basis before filing suit. Appellant's counsel admitted that she did not subpoena the records from the airlines, but explained that the parties agreed to defer discovery until after ruling on the motion to dismiss. Appellant's counsel also stated she understood that Appellant had flown the domestic carriers that were sued, but not the International carriers. Thus, what we have here is clearly baseless claims against Northwest Airlines and the International Carriers (those airlines he had not flown), but not against Continental Airlines, Delta Airlines, and American Airlines (the airlines that he had flown). Thus, the district court abused its discretion in awarding sanctions to Continental Airlines, Delta Airlines, and American Airlines; however, Northwest Airlines could be entitled to sanctions.

We finally turn to the district court's inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Gonzalez*, 117 F.3d at 898 (internal quotation marks and citation omitted). One aspect of this inherent power is the power to impose sanctions, including attorneys' fees, on litigants for conduct that is in bad faith, vexatious, wanton,

or undertaken for oppressive reasons.  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-46, 111 S. Ct. 2123, 2132-33 (1991).  The district court must make a finding that the sanctioned party engaged in conduct that is tantamount to "bad faith" before imposing sanctions pursuant to its inherent power.  *Elliott v. Tilton*, 64 F.3d 213, 217 (5th Cir. 1995).

Appellees claim that the district court made a finding that Appellant and his counsel engaged in conduct tantamount to "bad faith" when it stated:

> You have no facts.  What you have done is when your negotiation for a change in airline policy and practice would benefit your client did not succeed, that you were unable to convince the airlines that they should make these changes, then you sued them for not making the changes.
> It's a free country and you are entitled to ask the airlines to do whatever you want to, and if it is not compelled by law to do it, you have no right to sue them for not doing what you want, what you wish, what you prefer, what you think is better.
> And even if you do sue them, you have to have the facts. The client, Bynum, has to have the facts that meet the law.  I didn't make the Disability Act, I didn't make the federal aviation regulation scheme, I didn't make the Warsaw Convention, I just apply the stuff.
> But this is not a legislature, it is not a press conference. What you did apparently is file a suit hoping that the existence of the suit would pressure the airlines into doing something they were not obliged to do at law, and what you could not convince them to do as a matter of business practice.
>       \*    \*    \*
> But we have established a complicated and reasonably effective, however difficult it is, system of limited airline regulation.  And that doesn't include the claims that [Appellant]

9

can legitimately make because of his experiences, and those laws do not include your opportunity to sue based on your feelings about what the airlines ought to do. That is not what lawsuits are. Appellees believe that these statements show "the district court concluded the primary reason [Appellant and his counsel] filed this lawsuit was to impose costs on the airlines so that the airlines would bend their policy demand without evidentiary or legal support." Appellees also contend that Appellant's counsel's admission that she filed this action as an "advocacy action" supports the district court's finding of "bad faith."[4] Appellees rely on *Batson v. Neal Speke Assos., Inc.*, 805 F.2d 546, 550 (5th Cir. 1986) (quoting *Lipsig v. Nat'l Student Marketing Corp.*, 663 F.2d 178, 181 (D.C. Cir. 1980)) for the proposition that "advocacy simply for the sake of burdening an opponent with unnecessary expenditures of time and effort clearly warrants recompense for the extra outlays attributable thereto." We question whether

---

[4] At the sanction hearing, the following exchange between the Court and Appellant's counsel took place:

THE COURT: So, Ms. Rosen, is it fair to say that this is simply an advocacy action?
MS. ROSEN: Yes, Your honor.
Your honor, may I say –

Rosen did not complete her response and the district court continued with its remarks.

the necessary finding was made and whether it would be supported by the record. As explained, the district court abused its discretion in finding that certain facts to be unsupported and in finding that Appellant's claims have no support in the law.

2.      In addition, the $27,943.23 sanction by the district is not supported by proof of the incurred fees and expenses. The only evidence submitted by Appellees in support of their request for fees and expenses as a sanction  was the affidavit of an attorney who in conclusory fashion stated that attorneys' fees and costs incurred in connection with the defense of this matter totaled $27,943.23. The affiant also stated that she believed that the "fees and costs in this matter are reasonable and customary in Houston, Texas for this type of case." No supporting documentation, timesheets or otherwise, was attached to the affidavit explaining the basis for the $27,943.23 in fees and costs. Without supporting documentation, it is impossible to determine whether the fees and costs were reasonable and, hence, whether the sanction based on the fees and costs was reasonable. FED. R. CIV. P. 11(c)(2) (an award of attorney fees and expenses to the opposing party must be "reasonable" in amount).

Accordingly, we VACATE the district court's judgment and REMAND for further order if in accord with this opinion.