# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 13, 2012

No. 11-10830
Summary Calendar

Lyle W. Cayce
Clerk

LESLIE GREER,

Plaintiff – Appellant

v.

RICHARDSON INDEPENDENT SCHOOL DISTRICT,

Defendant – Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:08-CV-160

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

The district court awarded attorneys' fees to Defendant–Appellee under 28 U.S.C. § 1927, to be recovered jointly and severally from Plaintiff–Appellant's counsel, Palmer D. Bailey and Kenneth D. Carden.  For the reasons set out below, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10830

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff–Appellant Leslie Greer sued Defendant–Appellee Richardson Independent School District ("RISD"), alleging violations of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and the Rehabilitation Act of 1973, 29 U.S.C. §§ 794 and 794a. Greer's claims related to RISD's Berkner B stadium, located at Berkner High School in Richardson, Texas. Greer, who uses a wheelchair because of a spinal cord injury she suffered, attended her son's junior varsity football game at the Berkner B stadium on October 4, 2007. She was unable to sit in the bleachers because they could only be reached by climbing a flight of stairs. Consequently, she watched the game from a paved area adjacent to the bleachers, where she estimated she could only observe roughly 15% of the game because her view was obstructed. Greer's initial complaint focused exclusively on her exclusion from the stadium's bleacher seating.

The parties filed cross-motions for summary judgment in December 2008. At a motion hearing on March 4, 2009, the district court granted leave for RISD to amend its answer to assert the affirmative defense that making accessibility modifications to the Berkner B stadium would impose an undue financial and administrative burden. The court also reopened discovery as to RISD's newly asserted defense. On July 9, 2009, the district court granted Greer leave to file a Second Amended Complaint, in which Greer added accessibility allegations related to the restrooms in Berkner B stadium, curb cuts, ramp access to a public right of way, and access to the track surrounding the football field. RISD filed its Third Amended Answer on July 17, 2009.

On August 3, 2009, both parties again filed cross-motions for summary judgment. Greer also filed a motion to extend discovery and to allow subsequent briefing on RISD's undue burden defense, and the district court granted this motion. On February 1, 2010, the parties filed their third cross-motions for

No. 11-10830

summary judgment.  Greer subsequently filed a Motion to Strike Undue Burden Defense and for Sanctions, asserting that RISD had asserted the undue burden defense in bad faith and that RISD did not have the requisite factual basis for the defense under 28 C.F.R. § 350.150(a)(3).

On August 2, 2010, the district court granted RISD's motion for summary judgment in part, holding that Greer did not present a prima facie case of discrimination under Section II of the ADA.  *Greer v. Richardson Indep. Sch. Dist.*, 752 F. Supp. 2d 746, 754–56 (N.D. Tex. 2010).  The district court also granted summary judgment in part to Greer based on her allegation that a ramp installed at the stadium did not comply with ADA Accessibility Guidelines for Buildings and Facilities ("ADAAG") requirements and denied Greer's Motion to Strike Undue Burden Defense and for Sanctions.  *Id.* at 758.

On August 20, 2010, Greer filed a Motion for Findings of Fact on Plaintiff's Motion to Strike Undue Burden Defense and for Sanctions, requesting that the district court explain its denial of her motion.  The district court issued an order on August 27, 2010, concluding, *inter alia*, that "Defendant's undue burden defense was not asserted in bad faith" and stating that the court allowed RISD to amend its answer to assert the defense "in light of the scattershot allegations Plaintiff pled in her Complaint."  The court further noted that "it would waste judicial resources for the Court to further evaluate the moot defense of undue burden."

On November 12, 2010, the district court disposed of all pending motions and claims in favor of RISD.  *Greer v. Richardson Indep. Sch. Dist.*, 752 F. Supp. 2d 759, 762–63 (N.D. Tex. 2010).  On December 7, 2010, the district court taxed costs in the amount of $5,254.25 against Greer under 28 U.S.C. § 1920.  Greer filed a Motion to Deny Costs on December 14, 2010, seeking to deny the costs of depositions allegedly taken in connection with RISD's undue burden defense. On April 12, 2011, the district court denied Greer's motion.

No. 11-10830

On November 24, 2010, RISD moved for attorneys' fees pursuant to Federal Rule of Civil Procedure 54 and 28 U.S.C. § 1927, and it filed an Amended Motion for Attorney Fees on February 17, 2011. RISD sought the recovery of fees incurred as a result of the alleged vexatious and unreasonable conduct by Plaintiff's counsel in its Third Motion for Summary Judgment, Response to Defendant's Motion for Summary Judgment, Motion to Strike Undue Burden Defense and for Sanctions, Request for Findings of Fact on Undue Burden Defense, and Motion to Deny Costs. RISD also sought recovery of attorneys' fees incurred in preparing and filing its Motion for Attorney Fees. The magistrate judge recommended that the district court grant RISD's motion and award attorneys' fees under 28 U.S.C. § 1927 in the amount of $34,958, and paralegal fees in the amount of $5,572.50, payable jointly and severally by Greer's counsel, Palmer D. Bailey and Kenneth D. Carden. On August 11, 2011, the district court awarded RISD $25,723 in attorneys' fees and $2,162.50 in paralegal fees, accepting the findings and conclusions of the magistrate judge in part, but declining to award fees related to Greer's Request for Findings of Fact on Undue Burden Defense and RISD's Motion for Attorney Fees. Greer timely appealed.[1]

## II. DISCUSSION

Under 28 U.S.C. § 1927, an "attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." For an attorney's conduct to be considered unreasonable and vexatious, "there be evidence of bad faith, improper

---

[1] Greer separately appealed the district court's grant of summary judgment in favor of RISD and its denial of her motion for sanctions, and this court affirmed the district court's judgment. *Greer v. Richardson Indep. Sch. Dist.*, No. 10–11254, 2012 WL 833367, at *1 (5th Cir. Mar. 14, 2012).

4

motive, or reckless disregard of the duty owed to the court." *Edwards v. Gen. Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1998) (citations omitted). "We have characterized awards under § 1927 as penal in nature." *Browning v. Kramer*, 931 F.2d 340, 344 (5th Cir. 1991) (citation omitted). "[I]n order not to dampen the legitimate zeal of an attorney in representing his client, § 1927 is strictly construed." *Travelers Ins. Co. v. St. Jude Hosp. of Kenner, La., Inc.*, 38 F.3d 1414, 1416 (5th Cir. 1994).

Despite our strict construction of § 1927, we review the district court's imposition of attorneys' fees for abuse of discretion. *See id.* at 1417. "A district court abuses its discretion if it awards sanctions based on an erroneous view of the law or a clearly erroneous assessment of the evidence." *Walker v. City of Bogalusa*, 168 F.3d 237, 240 (5th Cir. 1999) (citation and internal quotation marks omitted). "[I]n reviewing the imposition of sanctions, we do not substitute our judgment for that of the district court in enforcing acceptable standards of conduct." *Travelers Ins. Co.*, 38 F.3d at 1417 (citation omitted). "The district court is in the best position to assess the propriety of a party's conduct." *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 535 (5th Cir. 1996) (citation omitted). Nonetheless, the district "court must announce the sanctionable conduct giving rise to its order." *Topalian v. Ehrman*, 3 F.3d 931, 937 (5th Cir. 1993). "Specific findings permit effective appellate review of the validity and amount of fees." *Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 526 (5th Cir. 2002).

Greer's attorneys contend that there was never a finding of bad faith, improper motive, or reckless disregard of the duty owed to the court.[2] Her

---

[2] Greer's counsel also complains that the district court did not hold a hearing prior to imposing sanctions. However, the magistrate judge noted that neither party requested a hearing and found that a hearing was not needed to clarify the § 1927 issues. We have upheld the imposition of sanctions imposed without a hearing under similar circumstances. *See Travelers Ins. Co.*, 38 F.3d at 1418.

counsel asserts that it "was, in effect, sanctioned for the manner in which it argued its summary judgment briefs and the language and arguments it made." Greer's attorneys stress that, in recommending that the district court award attorneys' fees to RISD, the magistrate judge highlighted statements the district court made regarding the "paucity of citations" in Greer's lengthy summary judgment briefing, the "use of informal language that seesaws between flippancy and condescension," and the court's observation that the brief was "obviously not proofread."[3]  According to Greer's counsel, such statements cannot be the basis for imposing sanctions under § 1927 because "sanctions may not be imposed for mere negligence on the part of counsel."[4]  *Baulch v. Johns*, 70 F.3d 813, 817 (5th Cir. 1995).  However, the magistrate judge in this case found that the manner in which Greer's counsel asserted its arguments reflected a reckless disregard for its duty to the court.  Further, "[w]e have in the past upheld awards based in part on 'the irresponsible *manner* in which the litigation was conducted [which] further multiplied the[] . . . proceedings.'" *Browning*, 931 F.2d at 345 (first alteration in original) (quoting *Lewis v. Brown & Root, Inc.*, 711 F.2d 1287, 1292 (5th Cir. 1983)).

---

[3] In full, the district court stated:

> The Court observes the paucity of citations to the law in the fifty pages of Plaintiff's summary judgment brief, and further notes with disapproval the use of informal language that seesaws between flippancy and condescension. Sentences such as "Did you see that?" and "Think about it" are neither an acceptable nor appropriate way to address the Court.  *See* Plaintiff's Brief in Support of Motion for Summary Judgment at 9, 14.  It is also highly inappropriate for Plaintiff's counsel, Mr. Bailey and Mr. Carden, to have filed a brief that was obviously not proofread and thus contains internal notations to counsel such as "Cite case here."  *Id.* at 48.

[4] In its briefing on appeal, Greer's counsel similarly contends that it "is now being sanctioned under 28 U.S.C. § 1927 for being justly outraged at [RISD's] conduct and for merely holding RISD's conduct up for light-hearted ridicule."

No. 11-10830

Moreover, Greer's counsel fails to give weight to significant portions of the magistrate judge's findings and conclusions. The magistrate judge noted that the district court had "thoroughly documented a number of the problems with Plaintiff's counsel[']s[] conduct in this case" and set out in detail additional conduct that it found to be unreasonable and vexatious, including the mischaracterization of witness testimony, the failure to cite the record accurately, and the persistent assertion of baseless arguments. These findings are examined below.

With regard to Greer's Third Motion for Summary Judgment, the magistrate judge detailed Greer's counsel's mischaracterization of witness testimony, as well as the assertion of baseless arguments regarding the standard for accessibility and unsupportable accusations against RISD and its counsel. In particular, Greer's counsel repeatedly argued that RISD's expert witness, Michael Longanecker, testified that the Berkner B stadium was not accessible. However, the district court found that "[t]his characterization is misleading at worst; at best, it consistently confuses the different standards that apply to new/altered and existing facilities." The district court further noted that its review of Greer's Third Motion for Summary Judgment "as to the newly renovated portions [of the Berkner B stadium] was severely hampered by Greer's repeated failures to accurately cite the record." In recommending an award of attorneys' fees, the magistrate judge found that "Defendant was required to expend extensive attorney and paralegal time clarifying the record for the District Court."

The magistrate judge also concluded that the arguments Greer's counsel asserted and reiterated regarding accessibility standards were baseless. Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to

7

discrimination by any such entity." 42 U.S.C. § 12132. The accessibility requirements for existing facilities, such as the Berkner B stadium, are more relaxed under the ADA than those for new structures. *See Tennessee v. Lane*, 541 U.S. 509, 531–32 (2004). "When considering ADA compliance for such existing structures, the touchstone is . . . not the facility's technical compliance with the ADAAG, but is instead 'program accessibility.'" *Greer v. Richardson Indep. Sch. Dist.*, No. 10–11254, 2012 WL 833367, at *4 (5th Cir. Mar. 14, 2012). In the case of existing facilities, a public entity must "operate each service, program, or activity so that the service, program, or activity, when viewed in its entirety, is readily accessible to and usable by individuals with disabilities." 28 C.F.R. § 35.150(a). Nonetheless, Greer "insist[ed] throughout the litigation to apply a strict, technical definition of 'accessible' as defined in the ADAAG to mean compliance with the ADAAG standards." *Greer*, 2012 WL 833367, at *5 n.5. However, as this court found, Greer improperly "conflate[d] . . . *facility* deviations from ADAAG standards, which are applicable to newly constructed or modified facilities, with RISD's obligation to provide *program* access at an existing facility" and, in effect, "attempt[ed] to completely nullify the 'program access' standard." *Id.* at *5. The magistrate judge in this case found that Greer's argument regarding the standard for accessibility was "[w]ithout legal or factual justification."

Not only did Greer's counsel misstate the applicable legal standards for accessibility, it accused RISD of fabricating a new standard for accessibility and misleading the court by using a definition of accessible that differed from that in the ADAAG. The district court, however, found that RISD had advanced the correct legal standard for assessing the accessibility of existing facilities, and in recommending sanctions against Greer's counsel, the magistrate judge characterized Greer's accusations as "attempt[s] to misdirect the Court." Moreover, Greer's counsel's arguments took a form that the magistrate judge

characterized as "wrongful accusation[s]" and "attack[s]," including allegations that RISD's counsel had "misled th[e] court" and "wast[ed] literally hundreds and hundreds of hours of [Plaintiff's counsel's] legal time briefing this case in order to expose this complete fabrication about what [Defendant] means by 'accessible.'"

With regard to Greer's Response to Defendant's Motion for Summary Judgment, the magistrate judge found that Greer's counsel continued to mischaracterize Longanecker's testimony and to assert the baseless accusations against RISD regarding the proper standard for assessing accessibility. The magistrate judge further noted that Greer's counsel made additional "unprofessional and untrue claims" and mischaracterized the testimony of RISD's employees regarding the planned expenditures of bond funds.

Regarding Greer's Motion to Strike Undue Burden Defense and for Sanctions, the magistrate judge concluded that this motion was both "frivolous and unwarranted." Greer's counsel had argued that RISD asserted its undue burden defense in bad faith and failed to produce any evidence supporting the defense despite repeated discovery requests. However, as this court noted, "RISD provided substantial discovery materials related to the analyses the school district performed when evaluating what modifications would be made to facilities in the district and how budgetary funds would be allocated, by priority, to modification projects." *Greer*, 2012 WL 833367, at \*10. Moreover, both this court and the district court concluded that RISD had an evidentiary basis for its undue burden defense.[5] *See id.*

After the district court explicitly found that RISD asserted its undue burden defense in good faith, Greer reiterated the argument that RISD was

---

[5] Much of Greer's counsel's briefing on appeal merely reiterates the position that RISD had no basis for asserting its undue burden defense—an argument repeatedly rejected by the district court and rejected by this court as well.

asserting the defense in bad faith in her Motion to Deny Costs. In denying Greer's motion, the district court noted its consistent rejection of Greer's arguments regarding RISD's undue burden defense and stated that "Plaintiff has not only failed to show good cause for the Court to deny costs . . . but she has also brought a frivolous motion . . . [and] unreasonably multiplied the proceedings."

In light of the magistrate judge's findings described above and adopted by the district court, as well as our review of the record and relevant pleadings, we conclude that the district court did not abuse its discretion in awarding attorneys' fees to RISD under § 1927. Greer's counsel challenges the amount of the fees awarded and contends that the district court did not properly limit the award to those fees caused by any vexatious and unreasonable conduct. The magistrate judge found that RISD had incurred a total of $206,004.25 in attorneys' fees and $29,355.00 in paralegal fees in defending against Greer's claims, amounts well in excess of those awarded. In addition, the magistrate judge expressly found that the fees sought by RISD were only the portion attributable the unreasonable and vexatious conduct of Greer's counsel. We conclude that the district court did not abuse its discretion by declining to segregate fees further.

## III. CONCLUSION

For the reasons stated above, we AFFIRM the judgment of the district court. Costs shall be borne by Appellant.